David Crockett WOODS, and Sandra Kay Woods, Appellants,

v.

The Honorable Micaela ALVAREZ, Judge of the 139th District Court of Hidalgo County, Texas, Appellee.

No. 13–96–088–CV.

Court of Appeals of Texas,
Corpus Christi.

May 23, 1996.

Bruce L. Jamison, Jamison & Associates, Houston, Truett Bryan Akin, Houston, for Relators.

Bob E. Shannon, Baker & Botts, Austin, Katherine Butler, Houston, Maria Wyckoff Boyce, Stephanie Kay Copp, James E. Maloney, Baker & Botts, Houston, Eduardo R. Rodriguez, Joseph A. Rodriguez, Rodriguez, Colvin & Chaney, Brownville, Steven M. Vidaurri, Brin & Brin, Edinburg, Timothy G. Moore, George Thomas Allison, Merriman Patterson & Allison, Longview, for Real Parties in Interest.

Before SEERDEN, C.J., and YAÑEZ and CHAVEZ, JJ.

## OPINION

CHAVEZ, Justice.

This is a mandamus proceeding arising from a personal injury lawsuit filed by relators, David and Sandra Woods, against real parties in interest, Bridgestone/Firestone, Inc. d/b/a Round Tire of Pharr, Power Equipment International, Volvo GM Heavy Truck Corporation and Powell Interests, Inc. d/b/a White GMC Trucks of Dallas–Fort Worth, and Sears Manufacturing, Dura–Form Seating, a Division of Sears Manufacturing. Relators seek to set aside the trial court's order granting Firestone's motion to transfer venue. We conditionally grant the writ of mandamus.

The Woods filed a personal injury suit against real parties in interest on August 31, 1995, alleging products liability, negligence, and breach of implied and express warranties. Their petition alleged that venue was proper in Hidalgo County because Firestone maintained agents and representatives in that county. Volvo and Powell filed general denials. Power Equipment was represented by two different attorneys. One attorney filed a motion to transfer venue and a general denial subject to the motion to transfer. Power Equipment's other attorney filed a general denial. Firestone answered and concurrently filed a motion to transfer venue on November 13, 1995. Sears has not yet answered.

The trial court set a hearing on the motions to transfer venue on January 9, 1996. The Woods' response to the motions was therefore due on December 9, 1995. On December 8, 1995, the Woods sent discovery requests to Firestone. Because relators felt that they did not have adequate time to conduct venue discovery, they moved for a continuance of the transfer of venue hearing. The trial court reset the hearing for January 31, 1996.

Relators notified Firestone of their intention to depose a Firestone corporate representative who had the most knowledge of the documents listed in the subpoena duces tecum that accompanied their notice of deposition. On January 10, 1996, Firestone produced Clifford Windham for deposition. However, Windham had no knowledge regarding the duties and authority of managers in Firestone stores such as the one in the city of Pharr in Hidalgo County. Because relators wanted to establish venue in Hidalgo County, they were particularly interested in determining the extent of discretionary authority the Pharr store manager would have. Windham identified Jim Hamblin, a general manager, as someone who had such knowledge. Furthermore, Windham alluded to an "operations manual" that contained guidelines and policies that a store manager must follow in operating a store. As a point of clarification, Windham explained that there is no manual per se, but that Firestone had different documents detailing the policies, procedures, and authority to which store managers must adhere. Additionally, Firestone objected to the subpoena duces tecum and produced no responsive documents at the deposition.

Subsequent to Windham's deposition, Firestone offered to produce Clyde Smith for a telephone deposition in regards to relators' venue allegations. Relators declined. On January 25, 1996, relators filed a motion to compel production of documents, including the "operations manual." The trial court refused to consider the motion. On the day of the venue transfer hearing, January 31, 1996, relators filed their second motion for continuance. They argued that because Firestone produced a representative who had

no knowledge of the venue issues, specifically concerning the authority of Firestone store managers in Hidalgo County, relators were prevented from obtaining relevant venue information to prepare their response to Firestone's motion to transfer venue. The trial court refused to continue the hearing, granted Firestone's motion, and transferred the case to Dallas County.

Relators seek mandamus relief from the trial court's order transferring venue on four grounds. First, relators contend that the trial court abused its discretion by failing to allow them an opportunity to complete venue discovery prior to the venue hearing. Next, relators similarly contend that it was an abuse of discretion to deny their motion for continuance to complete venue discovery. According to relators, a continuance was necessary because Firestone refused to produce venue discovery and failed to produce a corporate representative who had knowledge of the authority, duties, and responsibilities of Firestone personnel who worked in Hidalgo County. Relators' third ground for relief is based on the trial court's failure to consider their motion to compel production of venue documents and deposition testimony pertinent to the motion for transfer of venue. The Woods assert that such discovery information was critical to establishing the existence of a Firestone representative in Hidalgo County. Lastly, relators challenge the transfer of the entire cause of action against all defendants to Dallas County when only Firestone had moved for transfer of venue.

■ Before reaching the merits of the present action, we first address relators' failure to attach a certified or sworn copy of the order complained of to their petition for writ of mandamus. *See* TEX.R.APP. P. 121(a)(2)(C), (4). Relators did file a statement of facts from the venue hearing wherein the trial court orally granted the motion to transfer. Generally, a motion for leave to file would be overruled on this basis. *Contra Frink v. Blackstock*, 813 S.W.2d 602, 605 (Tex.App.—Houston [1st Dist.] 1991, orig. proceeding) (O'Connor, J., dissenting) (noting that, in the past, the court had granted mandamus on an oral order when the party had provided a transcript of the hearing where the order was pronounced). However, we will *sua sponte* supplement the record in this case and address the merits of the petition in the interest of judicial economy.[1] *See Cronen v. Smith*, 812 S.W.2d 69 (Tex.App.—Houston [1st Dist.] 1991, orig. proceeding [leave denied] ).

In *Cronen,* relator failed to properly verify the truth of all factual allegations contained in the petition and to furnish properly certified or sworn copies of the exhibits attached to the motion pursuant to Rule 121(a)(2)(F) and (4). *See* TEX.R.APP. P. 121(a)(2)(F), (4). Instead of overruling the motion for leave to file, the court reasoned that since relator could correct these technical deficiencies and refile the motion and petition, the court would address the merits of the petition in the interest of judicial economy. *Cronen,* 812 S.W.2d at 70. The court proceeded to determine whether the trial judge abused his discretion in denying relator a free statement of facts. Because a statement of facts from the hearing on the pauper's oath application was necessary to the appellate court's review, the appellate court ordered the statement of facts from the hearing be filed with the court as part of the record. *Id.*

■ Persuaded by *Cronen,* we ordered the clerk of the trial court to file a certified copy of the order transferring venue with this Court. Since relators may correct the deficiency and refile the petition, we will proceed to address the merits of relators' petition in the interest of judicial economy.

The Woods complain that the trial court failed to allow them an opportunity to complete reasonable venue discovery and the taking of depositions prior to the venue hearing. They further complain that the trial court abused its discretion by denying their

---

1. We note that an appellate court's *sua sponte* supplementation of the record is routinely done in cases on appeal pursuant to Rule 55. *See* TEX.R.APP. P. 55. Rule 55 authorizes appellate courts to correct the appellate record on their own initiative. *Id.; Graham v. Pazos De La Torre,* 821 S.W.2d 162, 165 (Tex.App.—Corpus Christi 1991, writ denied). An appellate court has wide discretion to supplement the transcript to include omitted matter. *Graham,* 821 S.W.2d at 165.

**122**

motion for a continuance so that they could complete venue discovery and the taking of depositions pertinent to the motion for change of venue. The Woods based their motion for continuance on Firestone's refusal to produce venue discovery and failure to produce a corporate representative who had knowledge of the authority and duties of Firestone personnel working in Hidalgo County.

■ Mandamus will issue only to correct a clear abuse of discretion or violation of a duty imposed by law when that abuse cannot be remedied by appeal. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). Mandamus is ordinarily not available to review the trial court's determination of a motion to transfer venue, which may be adequately raised on appeal. *See Abor v. Black*, 695 S.W.2d 564, 567 (Tex.1985); *Mauro v. Bañales*, 858 S.W.2d 651, 652 (Tex.App.—Corpus Christi 1993, orig. proceeding). However, the supreme court has carved out an exception and granted mandamus relief where the trial court abused its discretion in failing to afford a party a reasonable opportunity to supplement the venue record with affidavits and discovery products before the venue hearing. *Union Carbide Corp. v. Moye*, 798 S.W.2d 792, 793 (Tex.1990). Mandamus relief is also available when the trial court fails to follow the procedural requirements of Texas Rule of Civil Procedure 87 concerning each party's right to sufficient notice of the venue hearing. *Henderson v. O'Neill*, 797 S.W.2d 905, 905 (Tex.1990).

Rule 87 provides that "the determination of a motion to transfer venue shall be made promptly by the court and such determination must be made in *a reasonable time prior to commencement of the trial* on the merits. . . . Except on leave of court each party is entitled to at least 45 days notice of a hearing on the motion to transfer." Tex.R. Civ. P. 87 (emphasis added). Rule 258 further provides that "[r]easonable discovery in support of, or in opposition to, the application [for transfer of venue] shall be permitted. . . ." Tex.R. Civ. P. 258. Additionally, rule 258 expressly provides that deposition testimony and other discovery products may be attached to affidavits on the motion. *Id.*

■ Although mandamus will not issue unless the respondent trial court has clearly abused its discretion, the court has no discretion in determining the law. *Huie v. DeShazo*, 922 S.W.2d 920, 927 (Tex.1996); *Walker*, 827 S.W.2d at 840. Accordingly, "review of a trial court's determination of the legal principles controlling its ruling is much less deferential" than an ordinary mandamus review. *Walker*, 827 S.W.2d at 840. The legal principle controlling the respondent trial court's decision in this case requires the court to permit "reasonable discovery" in preparation for the hearing on the motion to transfer venue. *Montalvo v. Fourth Court of Appeals*, 917 S.W.2d 1, 2 (Tex.1995); *Union Carbide Corp.*, 798 S.W.2d at 793.

By denying the motion for continuance and ruling on the motion to transfer venue, the respondent trial court determined that relators had exhausted their opportunity for "reasonable discovery." When making this determination at the hearing on relators' first motion for continuance, the respondent judge stated, "You can't just go and pick a county to file suit in without knowing that you've got venue facts to sustain venue there." At the hearing on the motion to transfer venue, the trial court again stated,

I said even before you file your lawsuit, you are supposed to have some of that information [regarding the scope of the local agent's authority to act on behalf of the company], and you can't just pick a county at random and say, if anyone files a Motion to Transfer, I will then go about trying to establish my venue facts. . . . But what I'm telling you is that prior to having filed your lawsuit, you should have had that information. . . .

■ The Rules of Civil Procedure provide that attorneys' signatures constitute certification that they have read the pleading and that "to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless." Tex.R. Civ. P. 13. The record before us contains nothing to support the respondent judge's apparent presumption that relators "just picked a county at random" to file suit. No rule of law or procedure requires

that plaintiffs must discover admissible evidence to support the venue allegations in their petition before they can file suit. In fact, when a plaintiff files its petition, it need not have gathered any admissible evidence to support the facts alleged. *Donwerth v. Preston II Chrysler–Dodge, Inc.,* 775 S.W.2d 634, 637 (Tex.1989). Instead of erroneously presuming that relators were required to begin discovery before filing suit, the trial court should merely have presumed that the petition was filed in good faith. TEX.R. CIV. P. 13. Because the respondent judge applied the wrong presumption, the determination that relators exhausted their opportunity for reasonable discovery was based on an incorrect analysis of the law.

■ The trial court's "clear failure ... to analyze or apply the law correctly" is an abuse of discretion sufficient to "result in appellate reversal by extraordinary writ." *Walker,* 827 S.W.2d at 840. Relators have also shown that they were deprived of the "ability to develop evidence pertinent to the venue issue" by the trial court's erroneous decision limiting discovery. *Montalvo,* 917 S.W.2d at 2. Because relators were not given the opportunity to properly develop the venue evidence, the trial court's error has no adequate remedy by appeal and writ of mandamus should issue.

Because we have sufficiently disposed of the case on the above grounds, we need not reach relators' other grounds for mandamus relief. Accordingly, we conditionally grant a writ of mandamus directing the trial court to vacate its order transferring venue of the entire case to Dallas County. The writ will not issue unless the trial court fails to comply with the opinion of this Court.