**BRIDGESTONE/FIRESTONE, INC., Relator,**

v.

**The THIRTEENTH COURT OF APPEALS, Respondent.**

No. 96–0521.

Supreme Court of Texas.

Sept. 19, 1996.

James Edward Maloney, Claudia Wilson Frost, Maria Wyckoff Boyce, Houston, Joe R. Greenhill, Bob E. Shannon, Austin, Eduardo R. Rodriguez, Joseph A. Rodriguez, Brownsville, for Relator.

Scott L. Daily, Dallas, G. Thomas Allison, III, Longview, Steven Mark Vidaurri, Edinburg, Lawrence Coffey, Corpus Christi,

Bruce L. Jamison, Truett Bryan Akin, Houston, for Respondent.

## OPINION

PER CURIAM.

In this original proceeding, the court of appeals conditionally granted mandamus directing the trial court to vacate its order transferring venue from Hidalgo County to Dallas County. The court of appeals held that the trial court abused its discretion in transferring venue after refusing to grant a second motion for continuance to complete reasonable discovery on venue. 925 S.W.2d 119. Because we conclude that the trial court did not abuse its discretion, we conditionally grant mandamus.

David Crockett Woods and Sandra Kay Woods sued Bridgestone/Firestone, Inc. and five other defendants for unspecified personal injuries. They alleged in their petition that venue was proper in Hidalgo County on the unsupported allegation that Firestone maintains agents and representatives in that county. Firestone moved to transfer venue to Dallas County, where it concedes it has an agent or representative. The Woodses had not undertaken any discovery until the date their response to the venue motion was due. At that time, they also sought a continuance of the venue hearing claiming they needed more time to complete discovery. The trial court granted a continuance of the January 7, 1996 venue hearing until January 31, 1996.

On the day of the hearing, the Woodses sought a second continuance, again asserting they needed more time to complete discovery. While Firestone had produced one corporate representative for deposition, the Woodses argued that this witness could not testify about the authority of Firestone's agents in Hidalgo County. Firestone's failure to produce an appropriate corporate representative and failure to produce a policy manual, the Woodses claimed, necessitated another continuance. The trial court denied the continuance and transferred the cause of action to Dallas County.

The court of appeals concluded that the trial court's actions deprived the Woodses of their opportunity for reasonable discovery on venue. 925 S.W.2d 119. Because the Woodses were not given the opportunity to properly develop the venue evidence, the court of appeals held that the Woodses lacked an adequate remedy by appeal, thus entitling them to mandamus. *Id.* We disagree.

■ As we recently reiterated, venue determinations generally are incidental trial rulings that are correctable on appeal. *Montalvo v. Fourth Court of Appeals*, 917 S.W.2d 1, 2 (Tex.1995). We have granted mandamus, however, when the trial court abused its discretion in failing to afford a party seeking a transfer under TEX.R.CIV.P. 257 a reasonable opportunity to supplement the venue record before the venue hearing with affidavits and discovery products. *Union Carbide Corp. v. Moye*, 798 S.W.2d 792, 793 (Tex. 1990). This case is unlike *Union Carbide*.

In *Union Carbide*, the trial court on the day of the venue hearing ordered that no live testimony would be permitted. Union Carbide, relying on the trial court's previous order permitting oral testimony and based on the unavailability of discovery products, had prepared for an eight-week full evidentiary venue hearing with live testimony. Union Carbide sought a continuance to supplement the record with affidavits and other discovery products. The trial court denied the continuance and the motion to transfer venue.

This Court granted mandamus. After noting that Rule 258 provides that "reasonable discovery" in support of a Rule 257 venue motion "shall be permitted," the Court concluded that the trial court's actions effectively denied Union Carbide the "right to reasonable discovery set forth in Rule 258." *Union Carbide*, 798 S.W.2d at 793. In addition, the Court concluded that because the trial court had implicated itself in misleading Union Carbide about the form of proof that would be acceptable at the venue hearing, the trial court "effectively deprived" Union Carbide of its fundamental due process right to notice and a hearing. *Id.* In these extraordinary circumstances, the Court concluded that "[j]ustice require[d] that Union Carbide be afforded a reasonable opportunity to supplement the venue record with appropriate affi-

davits and discovery products" prior to a ruling on its venue motion. *Id.*

■ Unlike *Union Carbide*, Firestone brought its venue motion under Rule 87, not Rule 257. Accordingly, *Union Carbide* is inapposite. Moreover, even considering *Union Carbide*, there are no extraordinary circumstances in this case. The venue hearing was set five months after the lawsuit was filed. The Woodses had not undertaken any discovery until the date their response to the venue motion was due. The trial court gave them one continuance of the venue hearing. The trial court could reasonably have concluded that the Woodses had an opportunity to obtain discovery on venue, and that they did not diligently pursue that opportunity. On this record, the trial court's decision to deny a second continuance was not an abuse of discretion.

■ *Union Carbide* is an exception to the rule that venue determinations generally are not reviewable by mandamus. The Woodses' argument that mandamus is appropriate whenever a trial court limits a party's opportunity for reasonable discovery on venue would have the exception swallow the rule. We decline to so expand *Union Carbide*.

Because the trial court did not abuse its discretion, the issuance of mandamus by the court of appeals was improper and constitutes an abuse of discretion. *Scott v. Twelfth Court of Appeals*, 843 S.W.2d 439, 440 (Tex. 1992). Pursuant to Rule 122 of the Texas Rules of Appellate Procedure, the Court, without hearing oral argument, conditionally grants the writ of mandamus directing the court of appeals to withdraw its mandamus judgment. The writ will issue only if the court of appeals refuses to comply with this opinion.