v02652







NUMBER 13-02-652-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI


IN RE: THE TEXAS DEPARTMENT OF TRANSPORTATION

 

On Petition for Writ of Mandamus


MEMORANDUM OPINION


Before Justices Yañez, Castillo, and Garza

Opinion by Justice Yañez



 Relator, the Texas Department of Transportation ("TxDOT"), seeks mandamus relief from a September 9, 2002 oral order
(1) by the respondent, Judge Rodolfo Delgado of the 93rd District Court of Hidalgo County, granting plaintiff/real
party-in-interest's motion for bill of review. We hold that the trial court's order is void for lack of jurisdiction and
accordingly, we conditionally grant the writ. 

 As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here. See Tex. R.
App. P. 47.4, 52.8(d). 

 Relator's petition for writ of mandamus was filed on November 15, 2002. On November 20, 2002, this Court ordered the
real party-in-interest, Jose Rios Quintanilla, to file a response on or before December 3, 2002. See Tex. R. App. P.
52.8(b)(1). No response has been filed. No oral argument was requested or heard. See Tex. R. App. P. 52.8(c). 

 Mandamus relief is available only if the court clearly abused its discretion and the party has no adequate remedy by appeal. 
In re Southwestern Bell Tel. Co., 35 S.W.3d 602, 605 (Tex. 2000)(orig. proceeding). Mandamus is proper if a trial court
issues an order beyond its jurisdiction. Id. 

 TxDOT contends the trial court lacked jurisdiction to grant Quintanilla's motion for "bill of review" and that the order
granting the motion is therefore void because the court's plenary power had expired. We agree. 

 Summary judgment was granted in TxDOT's favor on January 22, 2002. (2) The trial court had plenary power to grant a
new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment was signed, unless a
motion for new trial or a motion to modify, correct, or reform the judgment was filed within that thirty-day period. See Tex.
R. Civ. P. 329b(d), (e), (g). Here, the trial court's plenary jurisdiction expired on February 21, 2002, thirty days after the
trial court signed the summary judgment. On July 9, 2002, more than four months after the trial court's plenary jurisdiction
had expired, Quintanilla filed a "Motion for New Trial or Alternatively Bill of Review." (3) 

 A bill of review is an independent action to set aside a judgment that is no longer appealable or subject to challenge by a
motion for new trial. Wembley Inv. Co. v. Herrera,11 S.W.3d 924, 926-27 (Tex. 1999) (citing Caldwell v. Barnes, 975
S.W.2d 535, 537 (Tex. 1998)). A bill-of-review complainant must prove three elements: (1) a meritorious defense to the
cause of action alleged to support the judgment, or a meritorious claim; (2) which he or she was prevented from making by
the fraud, accident, or wrongful act of the opposing party or official mistake; and (3) unmixed with the fault or negligence
of the complainant. Hanks v. Rosser, 378 S.W.2d 31, 34-35 (Tex. 1964); Mowbray v. Avery, 76 S.W.3d 663, 682 (Tex.
App.-Corpus Christi 2002, pet. filed). 

 Although a bill of review is an equitable proceeding, the fact that an injustice has occurred is not sufficient to justify relief
by bill of review. Wembley, 11 S.W.3d at 927 (citing Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996, 998 (Tex.
1950)). Generally, bill of review relief is available only if a party has exercised due diligence in pursuing all adequate legal
remedies against a former judgment and, through no fault of its own, has been prevented from making a meritorious claim
or defense by the fraud, accident, or wrongful act of the opposing party. Id. (citing Tice v. City of Pasadena, 767 S.W.2d
700, 702 (Tex. 1989); Petro-Chemical. Transp., Inc. v. Carroll, 514 S.W.2d 240, 243 (Tex. 1974)). If legal remedies were
available but ignored, relief by equitable bill of review is unavailable. Id. (citing Caldwell, 975 S.W.2d at 537).

 Here, Quintanilla's motion for new trial was filed after the trial court's plenary power had expired, and the trial court lacked
jurisdiction to consider it. See Tex. R. Civ. P. 329b(a). The record reflects that at the September 9 hearing on Quintanilla's
motion, the trial court stated, "while it would have been better that a restricted appeal had been filed, a bill of review will
still work. So I'm granting the motion for a bill of review." 

 Quintanilla's motion cannot be considered as a "bill of review" because it was filed in the original cause number,
C-4881-97-B, not as an independent action challenging the judgment in that cause. See Wembley, 11 S.W.3d at 926-27. 
Moreover, the record reflects that Quintanilla had a legal remedy available by restricted appeal and that he failed to pursue
such a remedy. See Tex. R. App. P. 26.1(c) (in restricted appeal, notice of appeal must be filed within six months after
judgment or order is signed); Tex. R. App. P. 30 (party who fails to timely file postjudgment motion or notice of appeal
within time permitted under rule 26.1(a) may file notice of appeal within time permitted under rule 26.1(c)); see also
Canadian Triton Int'l Ltd. v. JFP Energy, Inc., 888 S.W.2d 235, 236 (Tex. App.-El Paso 1994, no writ). 

 At the time Quintanilla received notice of the judgment, he had a legal remedy available of filing a restricted appeal, but
failed to do so. Relief by equitable bill of review is therefore unavailable. See Wembley, 11 S.W.3d at 927. We hold that
the trial court's grant of Quintanilla's motion, which fails to qualify as a bill of review, is a void order granting a new trial
and is an abuse of discretion which affords TxDOT no adequate remedy at law. See In re Nat'l Unity Ins. Co., 963 S.W.2d
876, 877 (Tex. App.-San Antonio 1998, orig. proceeding) (erroneously granted bill of review is effectively a void order
granting a new trial and is abuse of discretion). 

 Accordingly, the writ of mandamus is conditionally granted. Judge Delgado is ordered to: (1) withdraw his September 9,
2002 order granting Quintanilla's bill of review; and (2) deny the bill of review. The writ will issue only if Judge Delgado
fails to comply. 

 

LINDA REYNA YAÑEZ

Justice



Opinion delivered and filed this the

6th day of February, 2003.

1. The court's oral order announced on September 9, 2002 has not been reduced to writing and signed by the court. 
However, relator has included the reporter's record of the September 9 hearing, which reflects the trial court's order. In
Woods v. Alvarez, 925 S.W.2d 119, 121 (Tex. App.-Corpus Christi, orig. proceeding), overruled on other grounds sub nom.
Bridgestone/Firestone, Inc. v. Thirteenth Court of Appeals,929 S.W.2d 440 (Tex. 1996), this Court used an oral
pronouncement as proven by a reporter's record as a basis for granting mandamus relief. See also Tex. R. App. P.
52.3(j)(1)(A) (appendix must contain "a certified or sworn copy of any order complained of, or any other document
showing the matter complained of;") (emphasis added); In re Bledsoe, 41 S.W.3d 807, 811 (Tex. App.-Fort Worth 2001,
orig. proceeding) (rule 52.3(j)(1)(A) allows consideration of an oral order if the court's ruling is a clear, specific, and
enforceable order that is adequately shown by the record). 


2. The January 22, 2002 order granting summary judgment also severed Quintanilla's claims against TxDOT from the
remaining parties and claims in cause number C-4881-97-B, styled Jose Rios Quintanilla v. Pablo Torres, City of Pharr,
Texas Department of Public Highways and Transportation, Central Power & Light, and Allstate Insurance Company in the
92nd District Court of Hidalgo County. 

3. Quintanilla's motion was filed in the original cause number, cause number C-4881-97-B.