NO. 07-06-0453-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



DECEMBER 22, 2006


 ______________________________



IN RE MICHAEL LOU GARRETT, RELATOR


_________________________________






Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ON PETITION FOR WRIT OF MANDAMUS


 Relator, Michael Lou Garrett, has filed a Petition for Writ of Mandamus seeking this
court order the Honorable John Board "to immediately perform his legal duty of providing
consideration, decision and ruling in the matter of 'Plaintiff's Motion for a Temporary
Restraining Order and Preliminary Injunction' . . . ." The motion, which relator purports was
filed in cause number 94,426-B on September 19, 2006, requests the trial court restrain
prison officials from "depriving plaintiff of indigent supplies needed and necessary for
processing this lawsuit to trial . . . ." Garrett contends that he is entitled to relief because
the trial court has "refused to act" on his motion. We deny the petition.

 A trial court has a ministerial duty to consider and rule on motions properly filed and
pending before the court and mandamus may issue to compel the judge to act. Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex.App.-San Antonio 1997, orig.
proceeding) (citing O'Donniley v. Golden, 860 S.W.2d 267, 269-70 (Tex.App.-Tyler 1993,
orig. proceeding). However, the trial court is afforded a reasonable time in which to
perform this ministerial duty. Barnes v. State, 832 S.W.2d 424, 426 (Tex.App.-Houston
[1st Dist.] 1992, orig. proceeding). To establish entitlement to mandamus relief for a trial
court's failure to consider and rule on a motion, the relator must establish that the trial court
had a legal duty to perform a non-discretionary act, was asked to perform the act, and
failed or refused to do so within a reasonable time. In re Chavez, 62 S.W.3d 225, 228
(Tex.App.-Amarillo 2001, orig. proceeding). While the documents relator attached to his
petition fail to establish that relator's motion was brought to the attention of the trial court, (1)
we will review the merits of relator's petition in the interest of judicial economy. See Woods
v. Alvarez, 925 S.W.2d 119, 121 (Tex.App.-Corpus Christi 1996, orig. proceeding).

 Relator contends that, because he has an appeal pending in this court, his request
for mandamus relief is not rendered moot because the alleged deprivation of indigent
supplies threatens his ability to prosecute the pending appeal. However, relator requests
mandamus relief relating to the motion he filed in the trial court. A final judgment renders
the granting or denial of a motion for temporary injunction moot. See Pintail Prod. Co. v.
Osprey Petroleum Co., No. 13-06-069-CV, 2006 Tex.App. LEXIS 3154, at *3-*4
(Tex.App.-Corpus Christi April 20, 2006, orig. proceeding) (mem. op.). Thus, we conclude
that mandamus relief relating to a trial court's grant or denial of temporary injunctive relief
is unavailable after entry of final judgment.

 Finally, mandamus relief is unavailable when adequate remedies are available at
law. Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992). Because the trial court's entry
of final judgment effectively denied relator's motion for injunctive relief, relator may obtain
redress by way of ordinary appeal and, as a result, is not entitled to mandamus relief. See
Sikh Ctr. of Gulf Coast Area v. Chambers, No. 01-89-01165-CV, 1990 Tex.App. LEXIS 46,
at *2 (Tex.App.-Houston [1st Dist.] January 8, 1990, no writ) (mem. op.).

 Accordingly, we deny relator's petition for writ of mandamus.


 Mackey K. Hancock

 Justice



 
1. Relator contends that he "duly served" a Demand for Performance of Legal Duty
upon the trial court. However, none of the documents provided by relator with his petition
for writ of mandamus provide any evidence that this demand was actually brought to the
trial court's attention. See In re Posey, No. 07-03-0518-CV, 2004 Tex.App. LEXIS 695, at
*1-*2 (Tex.App.-Amarillo 2004, orig. proceeding).



Exception Locked="false" Priority="65" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium List 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-00241-CR; 07-11-00242-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



JULY
15, 2011

 



 

DEARL RAY STRICKLAND, APELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

 

NO. 58,674-D, 58,675-D; HONORABLE DON R. EMERSON, JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

            Appellant,
Dearl Ray Strickland, filed a notice of appeal on
June 21, 2011, challenging his conviction and sentence in trial court cause
numbers 58,674-D and 58,675-D.  Pursuant
to a plea bargain agreement, the offense alleged in cause number 58,675-D,
indecency with a child by sexual contact, was dismissed, and appellant was
sentenced in open court on March 2, 2009, to incarceration for a period of 25
years in cause number 58,674-D for the offense of aggravated sexual assault of
a child.  We dismiss the appeals for want
of jurisdiction.

In a criminal case in which no motion
for new trial is filed, the notice of appeal must be filed within 30 days after
the date sentence is imposed in open court. 
Tex. R. App. P. 26.2(a).  The time within which to file the notice may
be enlarged if, within 15 days after the deadline for filing the notice, the
party files the notice of appeal and a motion complying with Rule 10.5(b) of
the Texas Rules of Appellate Procedure.  Tex. R. App. P. 26.3.  Under these rules, appellant's notice of appeal
was due to be filed on April 1, 2009, but was not filed with the trial court
clerk until June 21, 2011, more than two years outside the fifteen-day
extension period.  

A notice of appeal which complies
with the Texas Rules of Appellate Procedure is essential to vest this Court
with jurisdiction.  See Slaton
v. State, 981 S.W.2d 208, 209-10 (Tex.Crim.App. 1998). 
If an appeal is not timely perfected, this Court does not obtain
jurisdiction to address the merits of the appeal, and can take no action other
than to dismiss the appeal.  Id. at 210.  

We acknowledge that appellant may be
entitled to an out-of-time appeal by filing a post-conviction writ of habeas
corpus returnable to the Texas Court of Criminal Appeals; however, the
availability of that remedy is also beyond the jurisdiction of this Court.[1]  See Tex.
Code Crim. Proc. Ann. art.
11.07, § 3 (West Supp. 2010); Ex parte Garcia, 988
S.W.2d 240, 241 (Tex.Crim.App. 1999).  

Consequently, we dismiss this appeal
for want of jurisdiction.

 

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice








 

Do
not publish.  

 











[1] We note, however,
that the certification of defendants right of appeal filed in trial court
cause number 58,674-D indicates that it is a plea-bargain case, and the
defendant has NO right of appeal and the defendant has waived the right of
appeal.  Thus, even if appellant is
granted an out-of-time appeal in this case, the case will be subject to
dismissal if a certification that shows that appellant has the right of appeal
is not made part of the record.  See
Tex. R. App. P. 25.2(d).