NO. 07-06-0453-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 22, 2006
_____

IN RE MICHAEL LOU GARRETT, RELATOR
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ON PETITION FOR WRIT OF MANDAMUS**

Relator, Michael Lou Garrett, has filed a Petition for Writ of Mandamus seeking this court order the Honorable John Board "to immediately perform his legal duty of providing consideration, decision and ruling in the matter of 'Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction' . . . ." The motion, which relator purports was filed in cause number 94,426-B on September 19, 2006, requests the trial court restrain prison officials from "depriving plaintiff of indigent supplies needed and necessary for processing this lawsuit to trial . . . ." Garrett contends that he is entitled to relief because the trial court has "refused to act" on his motion. We deny the petition.

A trial court has a ministerial duty to consider and rule on motions properly filed and pending before the court and mandamus may issue to compel the judge to act. Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex.App.–San Antonio 1997, orig.

proceeding) (citing O'Donniley v. Golden, 860 S.W.2d 267, 269-70 (Tex.App.–Tyler 1993, orig. proceeding). However, the trial court is afforded a reasonable time in which to perform this ministerial duty. Barnes v. State, 832 S.W.2d 424, 426 (Tex.App.–Houston [1ˢᵗ Dist.] 1992, orig. proceeding). To establish entitlement to mandamus relief for a trial court's failure to consider and rule on a motion, the relator must establish that the trial court had a legal duty to perform a non-discretionary act, was asked to perform the act, and failed or refused to do so within a reasonable time. In re Chavez, 62 S.W.3d 225, 228 (Tex.App.–Amarillo 2001, orig. proceeding). While the documents relator attached to his petition fail to establish that relator's motion was brought to the attention of the trial court,[1] we will review the merits of relator's petition in the interest of judicial economy. See Woods v. Alvarez, 925 S.W.2d 119, 121 (Tex.App.–Corpus Christi 1996, orig. proceeding).

Relator contends that, because he has an appeal pending in this court, his request for mandamus relief is not rendered moot because the alleged deprivation of indigent supplies threatens his ability to prosecute the pending appeal. However, relator requests mandamus relief relating to the motion he filed in the trial court. A final judgment renders the granting or denial of a motion for temporary injunction moot. See Pintail Prod. Co. v. Osprey Petroleum Co., No. 13-06-069-CV, 2006 Tex.App. LEXIS 3154, at *3-*4 (Tex.App.–Corpus Christi April 20, 2006, orig. proceeding) (mem. op.). Thus, we conclude

---

[1]Relator contends that he "duly served" a Demand for Performance of Legal Duty upon the trial court. However, none of the documents provided by relator with his petition for writ of mandamus provide any evidence that this demand was actually brought to the trial court's attention. See In re Posey, No. 07-03-0518-CV, 2004 Tex.App. LEXIS 695, at *1-*2 (Tex.App.–Amarillo 2004, orig. proceeding).

that mandamus relief relating to a trial court's grant or denial of temporary injunctive relief is unavailable after entry of final judgment.

Finally, mandamus relief is unavailable when adequate remedies are available at law. Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992). Because the trial court's entry of final judgment effectively denied relator's motion for injunctive relief, relator may obtain redress by way of ordinary appeal and, as a result, is not entitled to mandamus relief. See Sikh Ctr. of Gulf Coast Area v. Chambers, No. 01-89-01165-CV, 1990 Tex.App. LEXIS 46, at *2 (Tex.App.–Houston [1st Dist.] January 8, 1990, no writ) (mem. op.).

Accordingly, we deny relator's petition for writ of mandamus.


Mackey K. Hancock
Justice