**Dismiss and Opinion Filed June 4, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00503-CV

### IN RE JAMES PENNEY AND RUTH PENNEY, Relator

**Original Proceeding from the 301st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-06-1835-T**

## MEMORANDUM OPINION
Before Justices FitzGerald, Fillmore, and Evans
Opinion by Justice FitzGerald

Relators filed this petition for writ of mandamus requesting that the Court order the trial court to lift the Dallas County Standing Order Regarding Children, Pets, Property and Conduct of the Parties applicable to suits affecting the parent-child relationship to the extent necessary to allow the relators to establish the primary residence of the children outside Texas during the pendency of this suit affecting the parent-child relationship. Because we conclude we lack jurisdiction over the petition, we **DISMISS** the petition for writ of mandamus.

### I. FACTUAL AND PROCEDURAL CONTEXT

In 2011, relators, the grandparents of the children who are the subject of the suit affecting the parent-child relationship, obtained an order naming them managing conservators of the children with sole right to determine the children's residence without geographic restriction. In that order, both parents were named possessory conservators with supervised visitation. According to the petition, the grandfather was recently offered a job in Florida, and the

grandparents had planned to move to Florida with the children in June 2014. On February 19, 2014, the father filed a petition to modify the parent-child relationship requesting that the trial court restrict the children's residence to Dallas and contiguous counties and to grant him unsupervised periods of possession. The father further requested temporary orders for unsupervised possession of the children and restriction of their residence to Dallas and contiguous counties.

The associate judge held a temporary orders hearing and signed temporary orders on March 31, 2014, imposing as a mutual injunction the Dallas County Standing Order Regarding Children, Pets, Property and Conduct of the Parties, which prohibits removing children who are the subjects of a suit affecting the parent-child relationship from Texas.[1] On April 1, 2014, the grandparents filed a request for a de novo hearing before the trial judge. The parties appeared before the trial court on April 15, 2014 at which time the father objected to proceeding on the de novo hearing because he had not received proper notice of the hearing. During the course of the hearing, the trial judge stated, "There's a reason that we have a standing order. So I am going to overrule that request that we completely absolve that standing order because there's a reason I think it allows us time--."

At the April 15, 2014 hearing the trial court directed one of the attorneys to prepare a written order addressing the issues the court and parties discussed concerning Easter weekend. The court did not request that the written order include a denial of relief with regard to lifting the geographic restriction. The trial court set a hearing on June 16, 2014 to address the questions the case presents regarding the continuing, exclusive jurisdiction of the court, the grandparents' de

---

[1] The associate judge's report also notes that the associate judge declined to make any orders as to the father's request for a geographic restriction or the grandparents' request to modify the standing order because the order establishing the father's parentage, rendered by the 301st District Court, included a geographic restriction. The associate judge deferred to the 301st District Court the decision on whether the residency restriction imposed by the 301st District Court in its order adjudicating parentage was still in effect. One of the matters for consideration at the upcoming de novo hearing on June 16, 2014 is whether the order of the 250th District Court appointing the grandparents managing conservators with sole right to determine residence without geographic restriction is void because the 301st District Court was the court of continuing, exclusive jurisdiction at the time the 250th District Court appointed the grandparents managing conservators.

–2–

novo hearing on the associate judge's temporary orders, the father's objection to the de novo hearing due to improper notice, and the father's motion for sanctions due to improper notice of the de novo hearing. The grandparents argue the trial court abused its discretion by failing to lift the Dallas County standing order at the April 15, 2014 hearing to allow them to exercise the right to determine the children's residence without geographic restriction.

## II. APPROPRIATENESS OF MANDAMUS REVIEW

The Court first addresses the question whether this proceeding is ripe for determination. The jurisdictional requirement of ripeness applies to mandamus cases. *See Perry v. Del Rio*, 66 S.W.3d 239, 248–252 (Tex. 2001) (orig. proceeding); *In re Dodrill*, No. 05-09-00091-CV, 2009 WL 250915, at *1 (Tex. App.—Dallas Feb. 2, 2009, orig. proceeding) (mem. op.). An opinion issued in a case that is not ripe is an advisory opinion because, rather than remedying an actual or imminent harm, it addresses only a hypothetical injury. *In re Dodrill*, 2009 WL 250915, at *1 (citing *Thomas v. Cornyn*, 71 S.W.3d 473, 481 (Tex. App.—Austin 2002, no pet.)). Texas courts have no jurisdiction to render advisory opinions. *Tex. Ass'n of Bus. v. Tex. Air Control Bd*., 852 S.W.2d 440, 444 (Tex. 1993).

The father contends this case is not ripe for determination because the trial judge has not rendered an order on the grandparents' request for relief from the geographic restrictions of the Dallas County standing order.[2] The grandparents contend that the trial judge did, in fact, render

---

[2] By continuing the Dallas County standing order in effect as a mutual injunction, the associate judge did render an order that prohibited the grandparents from removing the children from Texas. The order of the associate judge is not, however, an order of the trial court. Associate judges do not have the power to render final orders outside the context of certain limited exceptions, not relevant in this case, listed in section 201.007(a)(14) of the family code. *Graham v. Graham*, 414 S.W.3d 800, 801 (Tex. App.—Houston [1st Dist.] 2013, no pet.). An associate judge's proposed orders or recommendations have only temporary effect. *Id.* Appellate courts have mandamus jurisdiction over associate judges only if they act in a manner that interferes with the appellate court's jurisdiction. TEX. GOV'T CODE ANN. § 22.221 (West 2004); *Graham*, 414 S.W.3d at 801 (courts of appeals do not have mandamus jurisdiction over the actions of an associate judge); *see also Welder v. Fritz*, 750 S.W.2d 930, 932 (Tex. App.—Corpus Christi 1988, no writ) (jurisdiction of courts of appeals to issue writs of mandamus is limited to writs against judges of district and county courts within district and a family law master is neither of these). Accordingly, this Court does not have jurisdiction to grant a writ of mandamus compelling the associate judge to vacate her order.

an oral order[3] at the April 15, 2014 hearing when the judge stated, "There's a reason that we have a standing order. So I am going to overrule that request that we completely absolve that standing order because there's a reason I think it allows us time--."

"A judgment is in fact rendered whenever the trial judge officially announces his decision in open court . . . in his official capacity for his official guidance whether orally or by written memorandum the sentence of law pronounced by him in any cause." *Samples Exterminators v. Samples*, 640 S.W.2d 873, 875 (Tex. 1982) (quoting *Comet Aluminum Co. v. Dibrell*, 450 S.W.2d 56, 59 (Tex. 1970)). Rendition of judgment is a present act, which decides the issues upon which ruling is made. *S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 858 (Tex. 1995). The words used by the trial court must clearly indicate present intent, as opposed to future intent, to render judgment at the time the words are expressed. *James v. Hubbard*, 21 S.W.3d 558, 561 (Tex. App.—San Antonio 2000, no pet.). An appellate court may consider the pronouncements of the trial court in the context in which they occurred. *Formby's KOA v. BHP Water Supply Corp.*, 730 S.W.2d 428, 431 (Tex. App.—Dallas 1987, no writ) (statement, "this is a final disposition of the case," read in context of the trial court's oral remarks indicated only that the agreement parties had reached covered all issues of disagreement between the parties, not that

---

[3] This Court may issue a writ of mandamus based on a court's oral pronouncements. An oral order by a trial judge may be considered on mandamus if it is adequately shown by the trial court record. *In re Winters*, No. 05-08-01419-CV, 2008 WL 4816379, at *1 (Tex. App.—Dallas Nov. 6, 2008, orig. proceeding). Some Texas appellate courts concluded under rule 121(a)(2)(C) of the prior rules of appellate procedure that a petition for writ of mandamus could be denied based on the lack of a written order. *See Woods v. Alvarez,* 925 S.W.2d 119, 121 (Tex. App.—Corpus Christi), *overruled on other grounds by Bridgestone/Firestone, Inc. v. Thirteenth Court of Appeals,* 929 S.W.2d 440 (Tex. 1996) (orig. proceeding); *Frink v. Blackstock,* 813 S.W.2d 602, 603–04 (Tex. App.—Houston [1st Dist.] 1991, orig. proceeding). In this regard, the differences between former rule 121(a)(2)(C) and current rule 52.3(j) are significant. Rule 121(a)(2)(C) required a "certified or sworn copy of the order complained of," indicating that a written order was necessary, while rule 52.3(j)(1)(A) now requires "a certified or sworn copy of any order complained of, or any other document showing the matter complained of," indicating that a written order memorializing the trial court's decision is not necessary. *In re Bledsoe*, 41 S.W.3d 807, 811 (Tex. App.—Fort Worth 2001, orig. proceeding); *In re Perritt,* 973 S.W.2d 776, 779–80 (Tex. App.—Texarkana 1998, orig. proceeding). While at least one of our sister courts of appeals has noted that it does not encourage parties to file mandamus actions based upon a court's oral pronouncements, that court has also concluded that rule 52.3(j) does allow consideration of an oral order if the trial court's ruling is a clear, specific, and enforceable order that is adequately shown by the record. *Bledsoe*, 41 S.W.3d at 811; *see also In re Kelton,* No. 12-11-00355-CR, 2011 WL 5595219, at *1 (Tex. App.—Tyler Nov. 17, 2011, orig. proceeding) (mem. op.) (oral ruling is not subject to mandamus review unless the ruling is clear, specific, enforceable, and adequately shown by the record). An appellate court can determine whether an oral order meets these criteria by reviewing the reporter's record from the hearing. *Bledsoe, 41 S.W.3d at 811*; *see also In re Winters,* No. 05-08-01486-CV, 2008 WL 5177835, at *1 n.1 (Tex. App.—Dallas Dec. 11, 2008, orig. proceeding) (mem. op.); *In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 314 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding).

those issues were then and there adjudicated). Thus, for example, when a trial judge said she was "granting the divorce effective today" and "approving the settlement agreement," but also mentioned "get[ting] this final agreement done" and set a deadline for the parties to complete the agreement, the trial court did not evidence a present intention to render judgment. *Gamboa v. Gamboa*, 383 S.W.3d 263, 270 (Tex. App.—San Antonio 2012, no pet.).

In this case, the trial judge's statements at the April 15, 2014 hearing make it clear that she did not intend to presently adjudicate the issues related to the right to determine residence without geographic restriction raised by grandparents' request for a de novo hearing on the associate judge's order. Some of the trial court's statements include these:

- "And so the one remaining thing would be the jurisdiction thing, correct? And y'all's appeal, correct? "

- "So let me make a list of what we have for today. We have an appeal. Then we have an objection to the appeal because we didn't get it, and we didn't get to respond. So we want to respond."

- "And then other than the appeal, the objection to the appeal, and the motion for sanctions is there anything else ya'll want a hearing on?"

- "So our appeal—that would be the maternal grandparents['] appeal . . . I'm just putting on the docket sheet."

- "I don't see really where I have an appeal date before June the 16th so that is going to be the first time we can have a hearing."

Taken in context of the entire hearing and particularly in light of the scheduling of a specific date at which the trial court intended to conduct the de novo hearing the grandparents requested, the trial court's statement that "I am going to overrule that request that we completely absolve that standing order" suggests not a final, enforceable disposition of the question of whether the grandparents will be allowed to exercise the exclusive right to determine the primary residence of the children while the father's modification suit proceeds, but rather a refusal to consider the matter before the scheduled hearing on the de novo appeal the court had calendared

for June 16, 2014. Accordingly, the issue presented by the petition for writ of mandamus is not yet ripe for determination.

### III. CONCLUSION

Accordingly, for the foregoing reasons, we **DISMISS** the petition for writ of mandamus for want of jurisdiction.

140503F.P05

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE