**DENIED and Opinion Filed March 1, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-24-00022-CV

## IN RE JI AUDIO HOLDINGS, LLC, JAWBONE ACQUISITION, LLC, AND DANIEL SETTON, Relators

**Original Proceeding from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-23-16946**

## MEMORANDUM OPINION

Before Justices Reichek, Goldstein, and Kennedy
Opinion by Justice Goldstein

Before the Court are relators' January 16, 2024 petition for writ of mandamus and January 18, 2023 motion for temporary relief. In their petition, relators challenge a trial court's order denying their motion to transfer venue. In their motion for temporary relief, relators ask for a stay of the underlying proceeding pending this Court's action on the petition.

Entitlement to mandamus relief requires a relator to show that the trial court clearly abused its discretion and that the relator lacks an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig.

proceeding). After reviewing relators' petition and the record before us, we conclude that relators have failed to demonstrate entitlement to mandamus relief.

Venue determinations are generally incidental trial rulings that are correctable on appeal and thus not subject to mandamus review. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.064; *Bridgestone/Firestone, Inc. v. Thirteenth Court of Appeals*, 929 S.W.2d 440, 441 (Tex. 1996) (per curiam) (orig. proceeding). Relators seek mandamus review of the trial court's venue determination under a statutory exception to this general rule. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642. The statute provides that, subject to certain time limitations, "[a] party may apply for a writ of mandamus with an appellate court to enforce the mandatory venue provisions of this chapter." *Id.* Relators, however, seek to avoid application of a mandatory venue provision and transfer the case to a permissive venue. We question whether this constitutes enforcement of a mandatory venue provision under section 15.0642. And relators have failed to adequately brief the issue. *See* TEX. R. APP. P. 52.3(h). Therefore, we conclude that relators have failed to demonstrate entitlement to mandamus relief.

Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

We also deny as moot relators' motion for temporary relief.

/Bonnie Lee Goldstein/

BONNIE LEE GOLDSTEIN
JUSTICE

240022F.P05