Opinion issued August 27, 2013



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-12-00635-CV

—————————————

**RYAN LEE GRAHAM, Appellant**

**V.**

**KELLY MICHELLE GRAHAM, Appellee**

On Appeal from the 328th District Court
Fort Bend County, Texas
Trial Court Case No. 08-DCV-166575

## O P I N I O N

This appeal raises the question of this court's jurisdiction over a contempt order issued by an associate judge that was never adopted by the referring trial court. We dismiss for want of jurisdiction.

## Background

Appellee Kelly Michelle Graham filed a motion for enforcement of child support in 2012, requesting that appellant Ryan Lee Graham be held in contempt for failing to make various types of additional child support payments set forth in the couple's divorce decree. After a hearing, an associate judge signed an order holding Ryan in contempt for failing to pay child support, ordering him to pay arrearages, and authorizing withholding from his earnings. In response, Ryan filed a motion for new trial and a request for findings of fact and conclusions of law. He later filed notice of appeal of the associate judge's order. The appellate record contains no order of the referring court adopting the order of the associate judge.

In his appeal, Ryan seeks review of the associate judge's order and mandamus relief. In response, Kelly raises the issue of this court's jurisdiction to hear either an appeal from an order of an associate judge or an original mandamus proceeding challenging such an order.

## Discussion

We have jurisdiction to consider an appeal from a "final order" rendered under Title 5 of the Family Code, which includes orders on child support. TEX. FAM. CODE ANN. § 109.002(b) (West Supp. 2012); *Brejon v. Johnson*, 314 S.W.3d 26, 33 (Tex. App.—Houston [1st Dist.] 2009, no pet.). Associate judges do not have the power to render final judgment outside the context of certain limited

exceptions listed in section 201.007 of the Family Code. *See* TEX. FAM. CODE ANN. § 201.007(a)(14) (listing orders that associate judges may render and sign); *Chacon v. Chacon*, 222 S.W.3d 909, 913 (Tex. App.—El Paso 2007, no pet.). None of the exceptions listed in section 201.007, which include default and agreed judgments, apply to this case. *See* TEX. FAM. CODE ANN. § 201.007(a)(14) (West 2009).

Except when authorized by section 201.007, an associate judge's proposed orders or recommendations have only temporary effect, pending appeal to the referring trial court. *See id.* § 201.013. In cases in which there is no appeal to the referring court, the findings and recommendations of the associate judge will become the order of the referring court when the referring court signs an order conforming to the associate judge's report. *Id.* § 201.013(b); *Jackson v. Saradjian*, No. 01-11-00128-CV, 2012 WL 2357421, at *1 (Tex. App.—Houston [1st Dist.] June 21, 2012, no pet.). If no party files an appeal to the referring court within seven days, an order of an associate judge generally becomes an order or judgment of the referring court by operation of law without ratification by the referring court. TEX. FAM. CODE ANN. § 201.1041(a). However, an order "providing for enforcement by contempt or the immediate incarceration of a party" will not become final automatically. *Id.* Instead, a proposed order providing for enforcement by contempt or immediate incarceration only becomes an order of the

3

referring court if the referring court signs the associate judge's proposed order or judgment and the order meets the requirements for a contempt order listed in section 157.166 of the Family Code. *Id.* § 201.1041(b).

Because the contempt order at issue in this appeal was not adopted by the referring court as a matter of law, the referring court retains the power to alter the order, reject it, or conduct further proceedings. *See id.* § 201.014 (providing that the referring court may adopt, modify, or reject the associate judge's order, hear further evidence, or recommit the matter to the associate judge unless a party requested a de novo hearing). We lack jurisdiction to consider the appeal of an associate judge's order that is not final. *Bowman v. Burks*, No. 01-10-00219-CV, 2011 WL 2418475, at *2 (Tex. App.—Houston [1st Dist.] May 26, 2011, no pet.).

Mandamus is the proper avenue to challenge an order of contempt not involving confinement. *In re Reece*, 341 S.W.3d 360, 370 (Tex. 2011); *Marcus v. Smith*, 313 S.W.3d 408, 419 (Tex. App.—Houston [1st Dist.] 2009, no pet.). However, we do not have mandamus jurisdiction over the actions of an associate judge. TEX. GOV'T CODE ANN. § 22.221(b) (West 2004) (providing for mandamus jurisdiction only over a judge of a district or county court); *In re Walker*, No. 01-08-00253-CV, 2008 WL 1830400, at *1 (Tex. App.—Houston [1st Dist.] Apr. 18, 2008, orig. proceeding) (per curiam); *see also In re Weisinger*, No. 14-12-00558-CV, 2012 WL 3861960, at *1 (Tex. App.—Houston [14th Dist.] Sep. 6, 2012, orig.

4

proceeding) (noting that the court of appeals did not possess mandamus jurisdiction over an order of the same associate judge as in this case). Accordingly, we lack jurisdiction to review the contempt order in this case.

**Conclusion**

Because the associate judge's contempt order is not final and appealable, and because our mandamus jurisdiction does not extend to the orders of an associate judge, we dismiss the appeal for want of jurisdiction. In so concluding, we note that Ryan need not be left without a remedy in the unlikely event that the referring court does not act in response to this opinion. Mandamus may be available to compel the trial court to consider the associate judge's proposed order or conduct a new hearing. *Bowman*, 2011 WL 2418475, at *2 n.1; *see also* TEX. FAM. CODE ANN. § 201.016(a) ("A party's failure to request a de novo hearing before the referring court or a party's waiver of the right to request a de novo hearing before the referring court does not deprive the party of the right to appeal to or request other relief from a court of appeals or the supreme court.").



Michael Massengale
Justice

Panel consists of Justices Jennings, Bland, and Massengale.