

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-14-00154-CV

IN THE INTEREST OF A.A.E., A CHILD

On Appeal from the County Court at Law No. 2
Potter County, Texas
Trial Court No. 847782, Honorable Pamela Cook Sirmon, Presiding

April 28, 2014

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Jessica, attempts to appeal the order signed on April 15, 2014, by an associate judge in a family law matter involving conservatorship of and child support for her son, A.A.E.[1] Concluding that we do not have jurisdiction over this matter, we will dismiss the cause for want of jurisdiction.

We have jurisdiction to consider an appeal from a "final order" rendered under Title 5 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 109.002(b) (West 2014);

---

[1] To protect the parent's and child's privacy, we will refer to the mother by the alias, "Jessica," and refer to the child by his initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014); TEX. R. APP. P. 9.8(b).

*Graham v. Graham*, 414 S.W.3d 800, 801 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *see also Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (observing that "the general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment").

An order of an associate judge presiding over a Title IV-D case may become an order of the referring court by operation of law without need for ratification by the referring court. *See* TEX. FAM. CODE ANN. § 201.1041(a) (West 2014). However, the order automatically becomes final *only* if a request for a *de novo* hearing is not filed in the referring court within three days of the associate judge's ruling. *See id.* §§ 201.015(a) (West 2014), 201.1041(a); *In re the Office of the Att'y Gen. of Tex.*, 215 S.W.3d 913, 916 (Tex. App.—Fort Worth 2007, orig. proceeding).

Here, it has come to the attention to the Clerk of this Court that a request for a *de novo* hearing has been timely filed in the County Court at Law No. 2 of Potter County under trial court cause number 847782, and that case is currently on that court's active docket. That being so, the associate judge's order signed April 15, 2014, is not a final order from which an appeal may be taken to this Court.

We lack jurisdiction to consider the appeal of an associate judge's order that is not final. *See Graham*, 414 S.W.3d at 802. Accordingly, we dismiss this case for want of jurisdiction. TEX. R. APP. P. 43.2(f).

Mackey K. Hancock
Justice