**Dismiss and Opinion Filed July 3, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00841-CV

### IN RE CHELSEA DAVIS, Relator

**Original Proceeding from the 254th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-13-19281**

## MEMORANDUM OPINION
Before Justices O'Neill, Lang, and Fillmore
Opinion by Justice Fillmore

Relator filed this petition for writ of mandamus challenging numerous orders[1] of the associate judge in this case. Relator prays that the Court "reverse all findings, rulings, recommendations and orders signed by the associate judge and direct the court clerk to close the case." The facts and issues are well-known to the parties so we do not recount them here.

The Court first considers its jurisdiction over this petition for writ of mandamus. "Without jurisdiction the court cannot proceed at all in any cause." *Fin. Com'n of Texas v. Norwood*, 418 S.W.3d 566, 578 (Tex. 2013) (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,* 549 U.S. 422, 431 (2007) (internal quotation marks omitted)). The order of the

---

[1] Relator has not included in her filing the complained–of orders, any document showing the matter complained of, or any other document material to her claim for relief. *See* TEX. R. APP. P. 52.3(k); 52.7. Relator also has not properly certified her petition. TEX. R. APP. P. 52.3(j). Thus, relator's petition fails to comply with the Texas Rules of Appellate Procedure. *See In re Butler,* 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding) (denying petition for writ of mandamus because petition and record not authenticated as required by the Texas Rules of Appellate Procedure).

associate judge is not an order of the trial court.  Associate judges do not have the power to render final orders outside the context of certain limited exceptions listed in section 201.007(a)(14) of the family code.  *Graham v. Graham*, 414 S.W.3d 800, 801 (Tex. App.— Houston [1st Dist.] 2013, no pet.).  This Court does not have jurisdiction to grant a writ of mandamus compelling the associate judge to vacate his orders.  TEX. GOV'T CODE ANN. § 22.221 (West 2010); *Graham*, 414 S.W.3d at 802 (courts of appeals do not have mandamus jurisdiction over the actions of an associate judge); *see also Welder v. Fritz*, 750 S.W.2d 930, 932 (Tex. App.—Corpus Christi 1988, no writ) (jurisdiction of courts of appeals to issue writs of mandamus is limited to writs against judges of district and county courts within district and a family law master is neither of these).  This Court also does not have jurisdiction to issue a writ of mandamus against the district clerk.  TEX. GOV'T CODE ANN. § 22.221 (West 2010); *In re Phillips*, No. 05-14-00683-CV, 2014 WL 2609217, at *1 (Tex. App.—Dallas June 10, 2014, orig. proceeding) (mem. op.); *In re Chumbley*, No. 05–13–00881–CV, 2013 WL 3718070, at *1 (Tex. App.—Dallas July 12, 2013, orig. proceeding) (mem. op).  Accordingly, we **DISMISS** the petition for writ of mandamus for lack of jurisdiction.

140841F.P05

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE