FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
11/12/2015 2:56:05 PM
CHRISTOPHER A. PRINE
Clerk


ACCEPTED
01-15-00615-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
11/12/2015 2:56:05 PM
CHRISTOPHER PRINE
CLERK

# IN THE FIRST COURT OF APPEALS

## NO. 01-15-00615-CV

## RAYMOND C. CLARK, JR., Appellant

## V.

## WENDY JEAN MORROW CLARK, Appellee

On Appeal from the 300th Judicial District Court
Brazoria County, Texas
Trial Court Cause No. 68312

## APPELLANT'S FIRST MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S BRIEF

William J. Robertson
State Bar No. 17077500
9800 Northwest Freeway
Suite 314
Houston, Texas 77092
(713) 263-9911 Tele.
(866) 657-5609 Fax
Robertsonlawfirm@gmail.com
**ATTORNEY FOR APPELLANT**

IN THE FIRST COURT OF APPEALS

NO. 01-15-00615-CV

RAYMOND C. CLARK, JR., Appellant

V.

WENDY JEAN MORROW CLARK, Appellee

On Appeal from the 300th Judicial District Court
Brazoria County, Texas
Trial Court Cause No. 68312

**APPELLANT'S FIRST MOTION FOR EXTENSION OF TIME TO
FILE APPELLANT'S BRIEF**

To the Honorable Justices of the First Court of Appeals:

Appellant, Raymond C. Clark, Jr., respectfully request the Court to
extend the deadline for filing his Appellant's Brief from September 24, 2015
to December 12, 2015 pursuant to the Texas Rules of Appellate Procedure
10.5 (b) and 38.6 (d), and in accordance with the local rules of this
Honorable Court. In support thereof the Appellant would show as follows:

1.    Appellant requests an extension of time for the deadline for
filing the Appellant's Brief such that the Appellant's Brief is considered

timely filed on December 12, 2015 or such time as the Court deems proper based on the facts herein.

## BACKGROUND FACTS

2.     On August 27, 2015 the Appellant filed a Petition for Writ of Mandamus in connection with the underlying cause of action which is docketed as cause number 01-15-00729-CV.   The Petition for Writ of Mandamus was filed by Appellant because the Presiding Judge of the 300th Judicial District Court failed to take any action on the February 20, 2015 Final Order signed and submitted to the Presiding Judge by his Associate Judge in the underlying cause of action.  The inaction by the Presiding Judge results in there being no "Final Order" adopted by the referring or presiding judge thus denying this Court jurisdiction and denying the Appellant the right of appeal as well as denying the Appellant the right to seek extraordinary remedies in connection with the underlying case.

3.     On September 23, 2015, the day before the Appellant's brief was due in this Appeal, the Appellant received the attached notice letter from the Clerk of the Court of Appeals advising Appellant that the only Final Order forwarded by the Brazoria County District Clerk is a Final Order signed by an Associate Judge which has not been signed by the Presiding Judge of the referring court.   As such, the Final Order signed by the

Associate Judge is not an appealable order which denies the Court of Appeals jurisdiction to hear the Appellant's appeal. The Notice Letter from the Clerk of the Court of Appeals is attached hereto as Exhibit A.

4. In response to the Notice Letter sent by the Clerk of the Court of Appeals, the Appellant filed a First Supplemental Petition for Writ of Mandamus on October 2, 2015 pointing out as grounds for relief that the failure of the Presiding Judge of the 300th Judicial District Court to take action on the Final Order of his Associate Judge would result in denying the Appellant the right of appeal (Exhibit B Attached hereto). A copy of the Appellant's First Supplemental Petition for Writ of Mandamus was sent to the Presiding Judge of the 300th Judicial District Court. As of this date, the Presiding Judge of the 300th Judicial District Court of Brazoria County, Texas has not taken any action with regard to said Final Order of the Associate Judge which, based on the authority cited in the Notice Letter attached hereto, deprives this Court of jurisdiction.

5. The Appellant is in a very unusual position, on one hand, this appeal could be dismissed for lack of jurisdiction because the Presiding Judge of the 300th Judicial District Court has not taken any action on the Final Order signed by the Associate Judge, and, on the other hand, this Court could exercise its power by means of extraordinary remedies by vacating the

4

Final Order of Associate Judge since the Presiding Judge will not take action on said Final Order thereby rendering this appeal moot, or, by taking other action that would cause the Presiding Judge to act upon the Final Order of his Associate Judge thereby conferring jurisdiction on this Court to consider this appeal.

6.      As a result of the unusual circumstances described in this motion the Appellant would urge the Court to grant this Motion for an Extension of Time to File Appellant's Brief so that Appellant is not faced with considerable attorney fees preparing an Appellant's Brief for a case that (1) the Court dismisses for lack of jurisdiction or (2) the Court vacates the Final Order of the Associate Judge thus rendering this appeal moot or (3) the Court takes other action causing the Judge of the 300th Judicial District Court to take action which would have a significant impact of the substance of Appellant's Brief.

7.      No previous extensions have been granted or requested with regard to the filing of Appellant's Brief.

8.      The undersigned counsel attempted to contact counsel for Appellee and Appellee's counsel and was unable to reach him to determine if he is opposed or not opposed to this Motion for Extension of Time to file Appellant's Brief.

9.  The Appellant believes that the Appellee will not be injured or prejudiced if the Court grants the extension of time to file Appellant's Brief as requested herein.

10.  Based on the foregoing, Appellant respectfully prays that this Court extend the deadline for filing the Appellant's Brief to December 12, 2015 or such time as the Court deems proper.

Respectfully submitted,

/s/ William J. Robertson

William J. Robertson
State Bar No. 17077500
9800 Northwest Freeway
Suite 314
Houston, Texas 77092
(713) 263-9911 Tele.
(866) 657-5609 Fax
Robertsonlawfirm@gmail.com
**ATTORNEY FOR APPELLANT**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing "Appellant's "First Motion for Extension of Time to File Appellant's Brief" was forwarded by facsimile and/or by U.S. Certified Mail, Return Receipt Requested to the counsel of record on this 12th day of November 2015.

/s/ William J. Robertson

William J. Robertson

6



## COURT OF APPEALS FOR THE
## FIRST DISTRICT OF TEXAS AT HOUSTON

NOTICE

Appellate case name:      Raymond C. Clark v. Wendy Jean Morrow Clark

Appellate case number:    01-15-00615-CV

Trial court case number:  68312-D

Trial court:                300th District Court of Brazoria County

The Court has directed me to notify you that the Court may dismiss this appeal for want of jurisdiction.

Appellant, Raymond C. Clark, filed his notice of appeal of an Order in Suit to Modify Parent-Child Relationship signed on February 20, 2015. The clerk's record filed with this Court includes an order signed on February 20, 2015 by the Honorable Chad D. Bradshaw, Associate Judge. An associate judge only has the power to render a final judgment or order in a limited number of circumstances expressly set forth in the Family Code—none of which appear to be applicable here. *See* TEX. FAM. CODE ANN. § 201.007(a)(14) (identifying specific types of orders associates judges may "render and sign"); *see also Graham v. Graham*, 414 S.W.3d 800, 801 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (noting associate judges do not have power to render final judgment outside context of limited exceptions listed in Family Code section 201.007(a)(14)).

An associate judge's order that falls outside the scope of section 201.007(a)(14) "becomes the order or judgment of the referring court only on the referring court's signing the proposed order or judgment." TEX. FAM. CODE ANN. § 201.013(b). Here, the record does not indicate that the February 20, 2015 order has been signed by the referring court or constitutes an otherwise appealable order. *See* TEX. FAM. CODE ANN. § 109.002(b) ("An appeal may be taken by any party to a suit from a final order rendered under this title."); *In re M.E.M.*, No. 05-09-00022-CV, 2009 WL 294939, at *1 (Tex. App.—Dallas Feb. 9, 2009, no pet.) (mem. op.) (dismissing appeal because associate judge's order was not final judgment or otherwise appealable order.

Unless appellant causes to be filed a supplemental clerk's record containing documents showing that the February 20, 2015 order is an appealable order, or files a response demonstrating by citation to the law and the appellate record that this Court has jurisdiction of



EXHIBIT

A

the appeal, this appeal may be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). Appellant's response, if any, is **due in this Court within 14 days of the date of this notice**.

Clerk's Signature: _____

Christopher A. Prine, Clerk of the Court

Date: September 23, 2015

ACCEPTED
01-15-00729-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/2/2015 4:12:38 PM
CHRISTOPHER PRINE
CLERK

NO. 01-15-00729-CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
10/2/2015 4:12:38 PM
CHRISTOPHER A. PRINE
Clerk

# IN THE COURT OF APPEALS
## FOR THE FIRST JUDICIAL DISTRICT OF TEXAS
## AT HOUSTON, TEXAS

*IN RE*: RAYMOND C. CLARK, JR., *Relator*

ORIGINAL PROCEEDING FROM
THE 300ᵀᴴ JUDICIAL DISTRICT COURT
BRAZORIA COUNTY, TEXAS
CAUSE NO. 68,312

## FIRST SUPPLEMENTAL PETITION FOR WRIT OF MANDAMUS

WILLIAM J. ROBERTSON
State Bar No. 17077500
9800 Northwest Freeway, Suite 314
Houston, Texas 77092
Tele: (713) 263-9911
Fax: (866) 657-5609
Email: Robertsonlawfirm@gmail.com
**ATTORNEY FOR RELATOR**
**RAYMOND C. CLARK, JR.**

1



## IDENTITY OF PARTIES AND COUNSEL

### *Relator:*

Raymond C. Clark, Jr.
7314 Valentine Lane
Pearland, Texas 77584

**Counsel for Relator**:

William J. Robertson
State Bar No: 17077500
9800 Northwest Freeway, Suite 314
Houston, Texas 77092
Tele: (713) 263-9911
Fax: (866) 657-5609

### *Respondents:*

The Honorable K. Randall Hufstetler, Presiding Judge
300th Judicial District Court
Brazoria County, Texas
111 E. Locust, Room 401A
Angleton, Texas 77515

The Honorable Chad Bradshaw, Associate Judge
300th Judicial District Court,
Brazoria County, Texas
111 E. Locust, Room 401
Angleton, Texas 77515

### *Real Party in Interest:*

Wendy Morrow Clark
3818 Gladeridge Drive
Houston, Texas 77068

2

**Counsel for Real Party in Interest:**

Walter P. Mahoney, Jr.
State Bar No: 24043328
The Mahoney Law Firm
3668 Burke
Pasadena, Texas 77504
Tele: (281) 998-9450
Fax: (281) 998-9430

**Amicus Attorney**

Michelle A. Stover
State Bar No. 0079*7508
P.O. Box 1087
Angleton, Texas 77516-1087
Tele: 979-849-5563
Fax: 866-973-1717

# TABLE OF CONTENTS

PAGE

IDENTITY OF PARTIES AND COUNSEL ...........................................................2

TABLE OF CONTENTS...................................................................................4

INDEX OF AUTHORITIES...............................................................................5

ISSUES PRESENTED......................................................................................5

   Issue Two.................................................................................................5

     Did the failure of the Honorable K. Randall Hufstetler to sign, or take other action he deemed proper, with regard to the February 20, 2015 final order of the Associate Judge in the underlying cause of action constitute an abuse of discretion that denied the Relator the right to appeal the final order of the trial court because such inaction by the presiding judge deprived the Court of Appeals jurisdiction?...................................................................................5

ARGUMENT AND AUTHORITIES....................................................................6

   Issue Two.................................................................................................6

     The failure of the Honorable K. Randall Hufstetler to sign, or take other action he deemed proper, with regard to the February 20, 2015 final order of the Associate Judge in the underlying cause of action constituted an abuse of discretion that denied the Relator the right to appeal the final order of the trial because such inaction by the presiding judge deprived the Court of Appeals jurisdiction to consider the Relator's appeal.......................................6

CONCLUSION AND PRAYER ..........................................................................8

CERTIFICATE OF SERVICE ...........................................................................9

CERTIFICATE OF COMPLIANCE WITH APPELLATE RULE 52.3(j) ............10

CERTIFICATE OF COMPLIANCE WITH APPELLATE RULE 9.4(i) ..............10

RELATOR'S SUPPLEMENTAL APPENDIX.......................................................11

4

# INDEX OF AUTHORITIES

PAGE

**Statutes**

TEX. FAM. CODE §201.001 (e)..................................................................6

TEX. FAM. CODE §201.013 (b)..................................................................6

TEX. FAM. CODE §201.013 (a)..................................................................7

TEX. GOV. CODE §22.221(b).....................................................................6

**Constitutional Provisions**

TEX. CONST. §19.....................................................................................7

TEX. CONST. art I §3 ...............................................................................7

U. S. CONST. amend. VII ..........................................................................7

U.S. CONST. amend V................................................................................7

# ISSUES PRESENTED

### Issue Two

Did the failure of the Honorable K. Randall Hufstetler to sign, or take other action he deemed proper, with regard to the February 20, 2015 final order of the Associate Judge in the underlying cause of action constitute an abuse of discretion that denied the Relator the right to appeal the final order of the trial court because such inaction by the presiding judge deprived the Court of Appeals jurisdiction?

# ARGUMENT AND AUTHORITIES

## *Issue Two*

**The failure of the Honorable K. Randall Hufstetler to sign, or take other action he deemed proper, with regard to the February 20, 2015 final order of the Associate Judge in the underlying cause of action constituted an abuse of discretion that denied the Relator the right to appeal the final order of the trial because such inaction by the presiding judge deprived the Court of Appeals jurisdiction to consider the Relator's appeal.**

The Texas Family Code provides that after a hearing conducted by an Associate Judge that the Associate Judge shall send the Associate Judge's signed and dated report, including any proposed order, and all other papers relating to the case to the referring court. TEX. FAM. CODE §201.011 (e). In this case, the parties waived the right to a de novo hearing before the presiding judge, as such, the proposed order or judgment of the Associate Judge becomes the order or judgment of the referring court only on the referring court's signing the proposed order or judgment. TEX. FAM. CODE §201.013 (b).

The failure of the Associate Judge to comply with the mandatory provision of TEX. FAM. CODE §201.011 (e) and the failure of the Presiding Judge, the Honorable K. Randall Hufstetler, to sign the final judgment of February 20, 2015 or take whatever action he deemed proper has denied the Relator an adequate remedy at law because such inaction denies the Relator of the ability to seek relief in the Court of Appeals because, such inaction by the Associate Judge and the

6

Presiding Judge deprives the Court of Appeals jurisdiction to consider an appeal by Relator. TEX. GOV. CODE §22.221(b).

The lack appellate jurisdiction has denied Relator the right to seek mandamus relief for the improper denial of the Relator's constitutional right to a jury trial, the failure of the court to correctly apply the law and an electronic recording system that failed to properly record the testimony of a material witness.

The failure of the Presiding Judge and the Associate Judge of the 300th Judicial District Court of Brazoria County, Texas to make the final order dated February 20, 2015 the final appealable order of the Presiding Judge have placed the Relator in the position of being subject to the full force and effect of the Associate Judge's order pursuant to TEX. FAM. CODE §201.013 (a) while at the same time being denied due process as guaranteed under the TEX. CONST. art I §3, TEX. CONST. art. I §19 and the U. S. CONST. amend. V and U. S. CONST. amend. VII because the Relator is (1) denied access to equitable and extraordinary relief in the Court of Appeals on jurisdictional grounds and (2) the Relator is denied the right to appeal the February 20, 2015 order.

In this regard, on September 23, 2015, the Clerk of the Court of Appeals notified Relator that his appeal would be dismissed for lack of jurisdiction, citing statutory and case authority as stated therein, unless Relator supplemented the clerk's record with an order that is an appealable order. In other words, an order

7

signed or adopted by the Presiding Judge of the 300th Judicial District Court of Brazoria County, Texas (APP. TAB 7).

Inaction by the Presiding Judge of the 300th Judicial District Court of Brazoria County, Texas has denied a citizen of the State of Texas his constitutional right to challenge the trial court's rulings by either by mandamus, appeal or both.

## CONCLUSION AND PRAYER

***WHEREFORE, PREMISES CONSIDERED***, Relator prays that this Petition for Writ of Mandamus be in all things granted and that the Court of Appeals order the Presiding Judge of the 300th Judicial District Court of Brazoria County, Texas to perform those acts necessary to enable the Presiding Judge to sign the order of the Associate Judge dated February 20, 2015 and that Relator have such other and further relief to which he may show himself justly entitled.

Respectfully submitted,

/s/ William J. Robertson

William J. Robertson
State Bar No. 17077500
9800 Northwest Freeway, Suite 314
Houston, Texas 77092
(713) 263-9911 Tele.
(866) 657-5609 Fax
Robertsonlawfirm@gmail.com
**ATTORNEY FOR RELATOR**
**RAYMOND C. CLARK, JR.**

8

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing "First Supplemental Petition for Writ of Mandamus" was forwarded by facsimile and/or by U.S. Certified Mail, Return Receipt Requested to all pro se parties and/or counsel of record on this 2nd day of October 2015.

The Honorable K. Randall Hufstetler, Presiding Judge
300th Judicial District Court
Brazoria County, Texas
111 E. Locust, Room 401A
Angleton, Texas 77515
Certified Mail, Return Receipt Requested
7015-0640-0005-2383-8541

The Honorable Chad Bradshaw, Associate Judge
300th Judicial District Court,
Brazoria County, Texas
111 E. Locust, Room 401
Angleton, Texas 77515
Certified Mail, Return Receipt Requested
7015-0640-0005-2383-9074

Walter P. Mahoney, Jr.
The Mahoney Law Firm
3668 Burke
Pasadena, Texas 77504
Certified Mail, Return Receipt Requested
7015-0640-0005-2383-9081

Michelle A. Stover
Law Office of Michelle A. Stover
P.O. Box 1087
Angleton, Texas 77516-1087
Certified Mail, Return Receipt Requested
7015-0640-0005-2383-9098

/s/ William J. Robertson
_____
William J. Robertson

9

## CERTIFICATE OF COMPLIANCE WITH APPELLATE RULE 52.3(j)

This certifies that the undersigned has reviewed this Petition and concluded that every factual statement in it is supported by competent evidence included in the appendix or record as required by Appellate Rule 52.3(j).

/s/ William J. Robertson

William J. Robertson

## CERTIFICATE OF COMPLIANCE WITH APPELLATE RULE 9.4(i)

I certify that is document contains 1,597 words, as indicated by the word-count function of the computer program used to prepare it, and excluding the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix, as provided by Appellate Rule 9.4(i).

/s/ William J. Robertson

William J. Robertson

10

NO. 01-15-00729-CV

---

**IN THE COURT OF APPEALS
FOR THE FIRST JUDICIAL DISTRICT OF TEXAS
AT HOUSTON, TEXAS**

---

*IN RE*: RAYMOND C. CLARK, JR., *Relator*

---

ORIGINAL PROCEEDING FROM
THE 300TH JUDICIAL DISTRICT COURT,
BRAZORIA COUNTY, TEXAS
CAUSE NO. 68,312

---

**RELATOR'S SUPPLEMENTAL APPENDIX**

---

**TAB NO.**                    **DESCRIPTION**

7.        Letter from Clerk of Court of Appeals dated September 23, 2015.

11

# TAB 7



COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON

NOTICE

Appellate case name:      Raymond C. Clark v. Wendy Jean Morrow Clark

Appellate case number:    01-15-00615-CV

Trial court case number:  68312-D

Trial court:              300th District Court of Brazoria County

The Court has directed me to notify you that the Court may dismiss this appeal for want of jurisdiction.

Appellant, Raymond C. Clark, filed his notice of appeal of an Order in Suit to Modify Parent-Child Relationship signed on February 20, 2015. The clerk's record filed with this Court includes an order signed on February 20, 2015 by the Honorable Chad D. Bradshaw, Associate Judge. An associate judge only has the power to render a final judgment or order in a limited number of circumstances expressly set forth in the Family Code—none of which appear to be applicable here. *See* TEX. FAM. CODE ANN. § 201.007(a)(14) (identifying specific types of orders associates judges may "render and sign"); *see also Graham v. Graham*, 414 S.W.3d 800, 801 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (noting associate judges do not have power to render final judgment outside context of limited exceptions listed in Family Code section 201.007(a)(14)).

An associate judge's order that falls outside the scope of section 201.007(a)(14) "becomes the order or judgment of the referring court only on the referring court's signing the proposed order or judgment." TEX. FAM. CODE ANN. § 201.013(b). Here, the record does not indicate that the February 20, 2015 order has been signed by the referring court or constitutes an otherwise appealable order. *See* TEX. FAM. CODE ANN. § 109.002(b) ("An appeal may be taken by any party to a suit from a final order rendered under this title."); *In re M.E.M.*, No. 05-09-00022-CV, 2009 WL 294939, at *1 (Tex. App.—Dallas Feb. 9, 2009, no pet.) (mem. op.) (dismissing appeal because associate judge's order was not final judgment or otherwise appealable order.

Unless appellant causes to be filed a supplemental clerk's record containing documents showing that the February 20, 2015 order is an appealable order, or files a response demonstrating by citation to the law and the appellate record that this Court has jurisdiction of

the appeal, this appeal may be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f). Appellant's response, if any, is **due in this Court within 14 days of the date of this notice**.

Clerk's Signature: _____

Christopher A. Prine, Clerk of the Court

Date: September 23, 2015