**Opinion issued April 19, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00082-CV

———————————

## MARY LYNN KANTARA GERKE, Appellant

## V.

## JAMIL JAMES KANTARA, Appellee

---

**On Appeal from the 311th District Court**
**Harris County, Texas**
**Trial Court Case No. 2011-46281**

---

# O P I N I O N

This appeal arises from an order modifying the parent-child relationship issued by an associate judge. That order was never signed by the referring trial court which raises the question of this court's jurisdiction over this appeal. We dismiss for want of jurisdiction.

## Background

Appellant Mary Lynn Kantara Gerke and appellee Jamil "James" Kantara were divorced in 2006. In 2013, Mary filed a petition to modify the parent-child relationship and James filed a counter-petition. After a seven-day trial extended over several months, an associate judge signed an order of modification on October 28, 2013. The parties waived a de novo hearing before the referring court on the record at least twice, although the order itself does not contain a waiver of appeal. Mary has filed an appeal of the associate judge's order. The referring court never signed the associate judge's order.

## Analysis

The appeal of cases pursued under the authority of the Texas Family Code is governed by the provisions of section 109.002. TEX. FAM. CODE ANN. § 109.002 (West 2014). That section specifically authorizes appeals "from a final order rendered under this Title." *Id.* § 109.002(b). The question before us is whether the order signed by the associate judge is a "final order rendered" such that Mary can invoke our appellate jurisdiction. The words "render" and "order" are defined terms in the Family Code. "Render means the pronouncement by a judge of the court's ruling on a matter." TEX. FAM. CODE ANN. § 101.026. "Order" is defined thusly: "'Order' means a final order . . . . The term includes a decree and a judgment." *Id.* § 101.023.

The powers of an associate judge are enumerated in the Family Code and they include the power to "*recommend* an order to be rendered in a case." TEX. FAM. CODE ANN. § 20l.007(a)(10) (emphasis added). Thus, an associate judge has the authority to "recommend" to the referring court that an order executed by the associate judge be "rendered" by the referring court and become a pronouncement, or final order, of that court. The associate judge's proposed order may be adopted, modified, or rejected or sent back to the associate judge by the referring court. *Id.* § 201.014(a). Such a proposed order becomes final and appealable from the date it is signed by the judge of the referring court, and not before. *See id.* § 201.016(b). This is specifically required when, as here, the parties have waived a de novo hearing before the referring court. *Id.* § 201.013(b) (stating that when parties waive de novo hearing before referring court, "the proposed order or judgment of the associate judge becomes the order or judgment of the referring court *only* on the referring court's signing the proposed order or judgment.") (emphasis added). There is no evidence in this record that the referring judge signed the proposed order of the associate judge.

The Clerk of this Court notified Mary that she needed to file a response showing grounds for this Court's jurisdiction over her appeal. TEX. R. APP. P. 42.3(a). Mary filed a response in which she argued that the October 28th order signed by the associate judge is a final order and appealable under section 201.007(a)(16)

3

of the Family Code. That section authorizes an associate judge to "sign a final order that includes a waiver of the right of appeal pursuant to Section 201.015." TEX. FAM. CODE ANN. § 201.007(a)(16). The "appeal" referred to in section 201.015 refers not to an appeal of this Court but to the right to a de novo hearing before the referring court of matters heard by the associate judge. *Id.* § 201.015 (West Supp. 2015). The order itself contains no such waiver of appeal. However, there is authority for the proposition that, even if the waiver does not appear in the order itself, so long as the waiver is in the record, it is sufficient to waive an appeal for the purposes of section 201.007(a)(16). *See Wells v. Wells*, No. 14-09-00811-CV, 2010 WL 3292978, at *1 (Tex. App.—Houston [14th Dist.] Aug. 19, 2010, pet. denied) (mem. op.). The record is clear that Mary and James waived appeal on the record at least twice; but, even if the waiver satisfies section 201.007(a)(16), we would be without jurisdiction to hear this appeal.

Mary contends that the use of the words "sign a final order" in subsection 201.007(a)(16) means that the associate judge's order becomes appealable under that section without further need of action on the part of the referring court. However, "[a]ssociate judges do not have the power to render final judgment outside the context of certain limited exceptions listed in section 201.007 of the Family Code." *Graham v. Graham*, 414 S.W.3d 800, 801 (Tex. App.—Houston [1st Dist.] 2013, no pet.). Within those limited exceptions, an associate judge does have the power to

issue an order that then "constitutes an order of the referring court." TEX. FAM. CODE ANN. § 201.007(c). Those exceptions include (1) a final order agreed to in writing, (2) a final default order, (3) a temporary order, or (4) a final order in a case where a party files a waiver of notice or appearance. *Id.* § 201.007(a)(14). None of these circumstances apply to this case.

Mary contends that section 201.007(a)(16) is another source of this court's appellate jurisdiction, or that there is, at least, no reason to believe otherwise. This court's appellate jurisdiction for cases under the Texas Family Code is established in section 109.002. *Id.* § 109.002. That section states that "[a]n appeal may be taken by any party to a suit from a final order rendered under this title." *Id.* § 109.002(b). Mary points to the words "final order" that section 109.002(b) has in common with section 201.007(a)(16) where it says that an associate judge may "sign a final order." However, section 109.002(b) refers not merely to a "final order" but to a "final order rendered." As discussed above, section 201.007(a)(14) defines circumstances under which an associate judge may "render and sign" an order that becomes the appealable order of the referring court. Orders executed under subsection (a)(14) become final orders because section 201.007(c) states that an order described in subsection (a)(14) that is "rendered and signed by an associate judge constitutes an order of the referring court," and "order" means "final order." *Id.* § 101.023. Thus, if an associate judge issues an order that fits within the parameters of subsection

5

(a)(14), then subsection (c) makes them final orders of the referring court without further action by the referring court. *Id.* § 201.007(c). Even these orders are subject to review by the referring court because the parties do not waive the right to appeal to the referring court, but the categories of orders are those that will, under ordinary circumstances, require no further action by the referring court, and judicial efficiency is enhanced by making them final with the associate judge's signature. They are agreed orders, default orders, orders in which the right of notice of final hearing or appearance is waived and temporary orders.

The statutory scheme is further evidenced by comparing the language of subsection (a)(14) with that of subsection (a)(16). The former refers to an associate judge's authority to "render and sign" certain orders while the latter states that an associate judge may "sign a final order." The presence of the word "render" in one section and its absence in another section is significant. "When the Legislature uses a word or phrase in one portion of a statute but excludes it from another, the term should not be implied where it has been excluded." *R.R. Comm'n of Tex. v. Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 628, (Tex. 2011). Our appellate jurisdiction is defined by Section 109.002 which states that appeal may be taken, not from a final order signed, but "from a final order rendered." TEX. FAM.

CODE ANN. § 109.002(b).[1] Appellate jurisdiction is not conveyed by signing an appropriately drafted final order, but by rendering one. "We note that under . . . the current provisions of the Family Code, an associate judge does not have the power to render a judgment. Rendition occurs only when the referring court adopts the master's report or if no report is generated, when the trial judge signs the final judgment." *Robles v. Robles*, 965 S.W.2d 605, 609 n.4 (Tex. App.—Houston [1st Dist.] 1998, pet. denied).

The statutory scheme is further evidenced by the provisions of section 201.016 which establishes the time for the running of deadlines for appeal of matters under the Family Code. Section 201.016(b) provides that the "controlling date for purposes of appeal" is the date the order or judgment is signed by the referring court, "[e]xcept as provided by Subsection (c)." *Id.* § 201.016(b). Subsection (c) states that the controlling date for an agreed order and a default order "for the purposes of appeal" is the date it is signed by an associate judge. *Id.* § 201.016(c). Agreed orders and default orders are referred to in section 201.007(a)(14) and are those orders that may be "rendered" by an associate judge.[2] The fact that appellate deadlines may run

---

[1]    "Final Order" is a defined term that contains specific elements that make no reference to any right to appeal from it. *See* TEX. FAM. CODE ANN. § 105.006 (West Supp. 2015).

[2]    Temporary orders are not subject to interlocutory appeal, TEX. FAM. CODE ANN. § 109.001(c) (West 2014), and waivers of service and appearance are handled separately. *See* TEX. R. CIV. P. 119a.

from the date of the associate judge's signature, under that provision, is consistent with the legislative intent that an order "rendered" thereunder is final and appealable without further reference to the referring court.[3]

Here, the associate judge's modification order, which was signed after a trial on the merits and expressly indicates it is approved as to form only, is not an agreed or default judgment or one of the other limited exceptions listed in the Family Code which empower an associate judge to render a final order without the signature of the judge of the referring court. *See id.* § 201.007(a)(14). Therefore, the associate judge's modification order "becomes the order or judgment of the referring court only on the referring court's signing the proposed order or judgment." *Id.* § 201.013(b). Because there is no evidence in the record that the referring court signed the October 28th order, no final order has been rendered in this modification suit. *See id.* § 109.002(b) ("An appeal may be taken by any party to a suit from a final order rendered under this title."). Accordingly, we do not have jurisdiction over Mary's appeal.

---

[3] We decline to join the concurrence and speculate about what the 80th Legislature "should have anticipated." The text is unambiguous and a straight forward textual analysis is sufficient to resolve this issue.

**Conclusion**

We dismiss for want of jurisdiction.

Russell Lloyd
Justice

Panel consists of Justices Keyes, Massengale, and Lloyd.

Justice Massengale, concurring.