# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00097-CV

**J. L. S., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT
### NO. C2014-0467A, HONORABLE DIB WALDRIP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

J.L.S. appeals from the trial court's order terminating his parental rights to his son E.G.S.[1] Because we conclude that J.L.S. did not file a timely notice of appeal, we will dismiss this appeal for want of jurisdiction.

The presiding judge of the trial court referred the petition for termination of the parent-child relationship to an associate judge. At the conclusion of the ensuing bench trial, the associate judge orally announced her finding that J.L.S.'s parental rights should be terminated. The associate judge later signed an order terminating J.L.S.'s rights, and the trial court adopted this recommendation.

J.L.S. filed a series of documents that, he claims, constituted notices of appeal to this Court. The following timeline shows when these documents were filed:

---

[1] We use initials to protect the privacy of those involved in this case. *See* Tex. Fam. Code § 109.002(d).

- June 18, 2015: conclusion of trial and associate judge's announcement of findings

- June 19, 2015: J.L.S. files "Appeal of Administrative Order and Petition for Hearing De Novo"

- June 22, 2015: J.L.S. files "First Amended Appeal of Administrative Order and Petition for Hearing De Novo"

- July 7, 2015: associate judge signs "Final Order in Suit Affecting the Parent Child Relationship"

- July 8, 2015: district judge signs "Final Order in Suit Affecting the Parent Child Relationship" directly below associate judge's signature

- July 9, 2015: district clerk files "Final Order in Suit Affecting the Parent Child Relationship"

- July 10, 2015: J.L.S. files "Second Amended Appeal of Administrative Order and Petition for Hearing De Novo"

- September 3, 2015: J.L.S. files "Third Amended Appeal of Administrative Order and Petition for Hearing De Novo"

- February 15, 2016: J.L.S. retains new lead counsel

- February 15, 2016: J.L.S. files "Fourth Amended Notice of Appeal"

- February 15, 2016: J.L.S. requests the preparation of the clerk's record

The order terminating J.L.S.'s parental rights did not become final and appealable until the district judge signed the order on July 8, 2015. *See Graham v. Graham*, 414 S.W.3d 800, 801 (Tex. App.—Houston [1st Dist.] 2013, no pet.) ("Associate judges do not have the power to render final judgment outside the context of certain limited exceptions listed in section 201.007 of the Family Code."); *see also* Tex. Fam. Code § 201.013(b) (providing that, with certain exceptions not relevant here, associate judge's order or judgment becomes the order or judgment of the

2

referring court "only on the referring court's signing the proposed order or judgment"). J.L.S. then had 20 days to file a notice of appeal to this Court. *See* Tex. R. App. P. 26.1(b). Only one of J.L.S.'s purported notices of appeal was filed within 20 days after the trial court's order became final on July 8—his "Second Amended Appeal of Administrative Order and Petition for Hearing De Novo" (Second Amended Petition) filed on July 10.[2] We must therefore determine whether this document constituted a notice of appeal to this Court.

The Texas Department of Family and Protective Services argues that J.L.S.'s Second Amended Petition was not a notice of appeal to this Court but rather a request for a rehearing de novo before a district court of the associate judge's order. We agree. It is apparent from its face that J.L.S.'s Second Amended Petition was not a bona fide attempt to invoke this Court's jurisdiction. The Second Amended Petition requests "a hearing to appeal all or part of the administrative order." It also notes that J.L.S. "objects to the Associate Court's ruling terminating his parental rights of his minor son, [E.G.S.]" and states, "Respondent would show the Appellate Court that CPS's officials and witnesses themselves testified and admitted there were unresolved issues regarding the outcry of sexual abuse to a child made against Respondent . . . ." Finally, in his prayer, J.L.S.'s Second Amended Petition requests "a Trial De Novo on all issues presented by CPS to the Associate Court and [would] have the matter transferred to a proper and competent district court in Comal County, Texas."

---

[2] Even if any of J.L.S.'s filings could be construed as a motion for new trial, this would not extend his appellate deadlines in an accelerated appeal. *See* Tex. R. App. P. 28.1(b); *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005). In addition, even if we consider whether J.L.S.'s "Appeal of Administrative Order and Petition for Hearing De Novo" or his First Amended Petition were prematurely filed notices of appeal, *see* Tex. R. App. P. 27.1(a), these documents do not invoke this Court's jurisdiction for the same reasons that the Second Amended Petition fails to invoke our jurisdiction, as discussed below.

Although J.L.S.'s Second Amended Petition uses the terms "appeal" and "Appellate Court," we conclude that the sole purpose of this document is to seek a de novo rehearing before the district court. The document never specifies that J.L.S. wishes to appeal the district court's decision. Indeed, although it cites the date that the final order (signed by both the associate judge and district judge) was filed, the Second Amended Petition seems unaware of the district court's order. This is evident from the fact that the document specifies that J.L.S. is appealing from the associate judge's order and seeks to "have the matter transferred to a proper and competent district court." Moreover, although the document specifies that J.L.S. wishes to appeal to a district court, it never states that he wishes to appeal to this Court, nor does it indicate that his "appeal" is accelerated. *See* Tex. R. App. P. 25.1(d)(4) (providing that notice of appeal must "state the court to which the appeal is taken"), (6) (providing that, "in an accelerated appeal, [notice of appeal must] state that the appeal is accelerated and state whether it is a parental termination or child protection case").

In addition, the contrast between J.L.S.'s Second Amended Petition and his "Fourth Amended Notice of Appeal" is striking. The "Fourth Amended Notice of Appeal" cites Texas Rule of Appellate Procedure 25.1, is titled a "notice of appeal," specifies the exact orders J.L.S.'s wishes to appeal, indicates that appeal is being taken to this Court, and indicates that J.L.S.'s appeal is an accelerated appeal in a parental-termination or child-protection case. The "Fourth Amended Notice of Appeal" also states, "Apparently, none of the four prior notices of appeal have been filed there [in Third Court of Appeals] because no case is found on their website by searching the trial court cause number above." J.L.S.'s failure to prosecute his alleged appeal to this Court for many months, including a failure even to file a docketing statement or record, while not jurisdictional in and of

4

itself, bolsters our interpretation that his Second Amended Petition was intended only to pursue a de novo hearing and not to appeal to this Court.

We conclude that J.L.S.'s Second Amended Petition was not filed in a bona fide attempt to invoke this Court's jurisdiction. *See In re J.M.*, 396 S.W.3d 528, 531 (Tex. 2013) (per curiam) ("We have held that a party complies with Rule 25.1 by making a bona fide attempt to invoke appellate jurisdiction."); *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005) (holding that filing motion for new trial was not bona fide attempt to invoke appellate court's jurisdiction). Although his "Fourth Amended Notice of Appeal" is clearly a notice of appeal seeking to invoke this Court's jurisdiction, it is untimely, and we will not read its contents back into a previously filed document.

Because J.L.S. filed no timely notice of appeal to this Court, we dismiss this appeal for want of jurisdiction. *See In re K.M.Z.*, 178 S.W.3d 432, 433 (Tex. App.—Fort Worth 2005, no pet.) ("The timely filing of a notice of appeal is jurisdictional in this court, and absent a timely filed notice or extension request, we must dismiss the appeal."); *see also* Tex. R. App. P. 43.2(f).

_____

Scott K. Field, Justice

Before Justices Puryear, Goodwin, and Field

Dismissed for Want of Jurisdiction

Filed: July 15, 2016

5