**Opinion issued August 18, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00844-CV

———————————

## IN THE INTEREST OF A.T.N.J., A.J., AND T.L.J., JR., CHILDREN

———

On Appeal from the 311th District Court
Harris County, Texas
Trial Court Case No. 2013-33236

———

## MEMORANDUM OPINION

Appellant, T.L.J., Sr., the father of the children, A.T.N.J., A.J., and T.L.J., Jr., attempted to appeal from the trial court's refusal to sign an "Order on Trial De Novo," which was filed by appellant as a proposed order on August 19, 2015. The underlying case is a suit affecting the parent-child relationship ("SAPCR") involving child support enforcement in which the only order in the record was signed by the associate judge. The appellee, The Office of the Attorney General of Texas

("OAG"), filed a brief requesting, among other things, dismissal because there is no final order. We agree with the OAG and dismiss this appeal for want of jurisdiction.

This Court generally has jurisdiction over appeals from final orders arising under the Texas Family Code unless a statute authorizes an interlocutory appeal. *See* TEX. FAM. CODE ANN. § 109.002(b) (West Supp. 2015) ("An appeal may be taken by any party to a suit from a final order rendered under this title."); *cf. CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011) ("Unless a statute authorizes an interlocutory appeal, appellate courts generally only have jurisdiction over appeals from final judgments.").

On March 27, 2015, the Honorable Veronica Torres, IV-D associate judge, signed an "Order in Suit Affecting and Establishing the Parent-Child Relationship," following a trial on the merits. A party has seven days in which to request a de novo hearing before the referring court to challenge the associate judge's ruling. TEX. FAM. CODE ANN. §§ 201.1041(b), 201.015(a) (West Supp. 2015). On March 15, 2015, appellant had prematurely, but timely, filed a notice of appeal to the district judge from the associate judge's oral ruling. *See id.* § 201.1042(b). On August 19, 2015, appellant filed an "Order on Trial De Novo," but because the district judge did not sign it, appellant filed this notice of appeal on September 14, 2015. Because appellant filed a notice of appeal to the district judge, who did not sign a final order, the associate judge's order was not final.

2

The Clerk of this Court notified appellant that his appeal was subject to dismissal for want of jurisdiction unless he timely responded and showed how this Court had jurisdiction over his appeal. *See* TEX. R. APP. P. 42.3(a), (c). Appellant filed an appellant's brief which neither responded to the jurisdictional notice nor did it contain any references to the clerk's record, which had not yet been filed. This Court struck appellant's brief and ordered appellant to file a response to the jurisdictional notice.

Appellant's counsel filed a response to the jurisdictional notice in this Court. Appellant primarily argued that his "due process rights were violated [] when the [t]rial judge failed to sign the order on August 19, 2015," which he claims was an abuse of discretion because it had been agreed to by the parties to grant a trial de novo from the associate judge's order. However, appellant's response was inadequate to show how this Court has jurisdiction over his notice of appeal. On March 15, 2016, this Court's Order notified appellant's counsel that, to the extent that he intended appellant's notice of appeal, challenging the trial court's refusal to act, be construed in the alternative as a mandamus petition, counsel was directed to file a motion within ten days of the date of that order to designate the appeal as a mandamus petition.

Instead, appellant filed his appellate brief, which repeated most of the arguments made in his jurisdictional response. Appellant again primarily argued

3

that the trial court "abused it[]s discretion and denied due process to Appellant when it refused to sign the order filed with the Court on August 19, 2015," which he claims was a due process violation. Appellant's brief did not seek mandamus relief in the alternative.

On July 7, 2016, the OAG filed its appellee's brief contending that, because there is no final order in the clerk's record, this Court must dismiss this appeal for want of jurisdiction. In the alternative, the OAG argued that, if this Court chooses to treat appellant's appeal as a mandamus petition, it should grant such a petition and order the trial court to convene a de novo hearing.

Because appellant did not specifically request mandamus relief in the alternative, there is no need to do so *nostra sponte* after this Court directed him to do so. *Cf. In re D & KW Family, L.P.*, No. 01–11–00276–CV, 2012 WL 3252683, at *4 (Tex. App.—Houston [1st Dist.] Aug. 9, 2012, orig. proceeding) (mem. op.) (treating appeal also as mandamus petition because appellant had "specifically requested mandamus relief" in the alternative by also filing mandamus petition with response to appellee's motion to dismiss appeal) (citing, *inter alia*, *CMH Homes*, 340 S.W.3d at 453–54 (treating appeal as mandamus petition "because the appellant specifically requested mandamus relief" in the alternative)). Thus, because appellant appealed the associate judge's ruling and the district judge did not sign a final order, there was no final, appealable order. *See Clark v. Clark*, Nos.

01–15–00615–CV & 01–15–00729–CV, 2016 WL 3541704, at *3 (Tex. App.—Houston [1st Dist.] June 28, 2016, no pet. h.) (mem. op.); *see also Smith v. Robertson*, No. 01–15–00538–CV, 2015 WL 9311431, at *1 (Tex. App.—Houston [1st Dist.] Dec. 22, 2015, no pet.) (dismissing for want of jurisdiction appeal of refusal of trial court to sign an order in SAPCR because records did not include final order) (citation omitted).

## Conclusion

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a); 43.2(f). We dismiss any pending motions as moot.[1]

## PER CURIAM

Panel consists of Justices Higley, Bland, and Massengale.

---

[1] However, we note that appellant is not without a remedy and may seek mandamus relief in a properly-filed petition. *See Graham v. Graham*, 414 S.W.3d 800, 802 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (noting that "[m]andamus may be available to compel the trial court to consider the associate judge's proposed order or conduct a new hearing") (citations omitted); *see also In re Lee*, 411 S.W.3d 445, 450 n.7 (Tex. 2013) (orig. proceeding) (recognizing that mandamus relief is available to remedy trial court's erroneous refusal to enter judgment on mediated settlement agreement).