

# NUMBER 13-24-00532-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE INTEREST OF S.H. A/K/A S.A.H., A CHILD

## ON APPEAL FROM THE 430TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Longoria, Tijerina, and Peña**
**Memorandum Opinion by Justice Peña**

This appeal arises from the trial court's termination of V.A.A.'s parental rights to S.H. a/k/a S.A.H., a minor child.[1] Appellant attempts to appeal the trial court's order; however, her notice of appeal indicates that the order has not been signed.

---

[1] We refer to appellant and the child by their initials in accordance with the rules of appellate procedure. *See* TEX. R. APP. P. 9.8(b)(2).

An associate judge's recommendation is not a final, appealable order when a request for a de novo hearing is timely filed. *See* TEX. FAM. CODE ANN. §§ 201.015, .016; *Graham v. Graham*, 414 S.W.3d 800, 801 (Tex. App.—Houston [1st. Dist.] 2013, no pet.). The record indicates that appellant filed a request for a de novo hearing in the trial court after an associate judge recommended termination of her parental rights. The record also indicates that the trial court conducted a de novo hearing on October 22, 2024, and orally pronounced its ruling terminating the parental rights of appellant.

However, upon review of the documents before the Court, it appears there is no final, appealable order. On October 25, 2024, the Clerk of this Court notified appellant of this defect so that steps could be taken to correct the defect, if it could be done. *See* TEX. R. APP. P. 37.1, 42.3. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this notice, the appeal would be dismissed for want of jurisdiction. Appellant failed to respond to the Court's notice. Additionally, District Court Clerk Alexandra Gomez informed the Clerk of this Court that there are no signed orders or judgments memorializing the trial court's October 22, 2024 oral pronouncement.

The Court, having considered the documents on file and appellant's failure to correct the defect in this matter, is of the opinion that the appeal should be dismissed for want of jurisdiction. *See id.* Accordingly, the appeal is dismissed for want of jurisdiction. *See id.* R. 42.3(a), (c).

Following rendition of a final judgment or order adopting the associate judge's recommendation, any appealing party must file a new notice of appeal.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
5th day of December, 2024.